## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI, as assignee
individually, and on behalf of all those
similarly situated,

        Plaintiff,                           CASE NO.: 8:12-cv-2408-CEH-AEP

vs.

DIRECT GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, MRI Associates of St. Pete, Inc. d/b/a Saint Pete MRI, ("Plaintiff"), and

Defendant, Direct General Insurance Company ("Direct General") [collectively, the "Parties"],

jointly move the Court for preliminary approval of their proposed class action settlement

pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in support thereof state as

follows:

## MEMORANDUM OF LAW

## SUMMARY

1.      Plaintiff is a Florida health care provider that provides diagnostic services to,

among others, persons injured in motor vehicle accidents.  Direct General is an insurance

company that issues automobile coverage in Florida.

2.      This case concerns the payment of medical charges under the Florida Motor

Vehicle No-Fault Law (the "No-Fault Law").  Plaintiff challenges Direct General's alleged

payment of Florida No-Fault ("PIP") medical benefits using the payment calculation

methodology described in Section 627.736(5)(a)2-5, Florida Statutes (2007-2011) (the "PIP Statute").

3.      After extensive arm's-length settlement negotiations, Plaintiff, individually and on behalf of the proposed "Settlement Class," and Direct General entered into a proposed Settlement Agreement and Stipulation ("Settlement Agreement"), a copy of which is attached hereto as "**Exhibit 1**."[1]  The terms of the Settlement Agreement provide for a fundamentally fair, reasonable, and adequate resolution of claims, and are therefore highly likely to satisfy the criteria for preliminary – and ultimately final – approval.

4.      The Settlement Agreement provides settlement relief to Settlement Class Members in the form of cash payments, as calculated according to the terms of the Settlement Agreement.  Settlement Class Members who wish to receive payments under the settlement may do so by timely submitting a Settlement Claim Form.

5.      Settlement Class Members who do not wish to collect payments under the settlement may "opt out" of the settlement, thereby preserving the right to sue Direct General regarding the claims at issue in this case.  Settlement Class Members also have the option to remain in the Settlement Class, and/or object to the terms of the settlement.

6.      Settlement Class Members will be advised of their rights and options by direct mail notice.  Such notice has been regularly approved by courts as the best notice practicable.

7.      In sum, the terms of the settlement reached between the Parties provide concrete monetary benefits to Settlement Class Members on fair, reasonable, and adequate terms.  Thus,

---

[1]      Capitalized terms used in this Motion that are not otherwise defined herein have a meaning assigned to them in the Settlement Agreement.

as established in further detail in this memorandum of law and the other submissions of the Parties, preliminary approval of the proposed settlement is appropriate.

## BACKGROUND

8.      Plaintiff filed this lawsuit as a putative class action in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, (State Case No. 12-CA 014335 (F)) (the "Action") and the Action was subsequently removed to the United States District Court for the Middle District of Florida (Case No. 8:12-cv-2408-CEH-AEP).

9.      On June 5, 2014, Plaintiff filed an Amended Complaint (D.E. No. 46).   The Amended Complaint sought certification of a class of Florida health care providers for declaratory and injunctive relief, while seeking individual damages for Plaintiff.   Direct General subsequently filed a Motion to Dismiss the Amended Complaint (D.E. No. 52).

10.      The Parties have considered the inherent issues in pursuing the claims and defenses in this case both on substantive grounds and concerning class certification, and have determined that it is in the best interests of all to enter into a fair, reasonable, and adequate settlement.   The Parties negotiated settlement relief, in the form of cash payments, would alleviate the need for further litigation for those health care providers who remain in the Settlement Class.

## CLASS CERTIFICATION

11.      The Parties move the Court to preliminarily approve the proposed Settlement Agreement and its attached Exhibits: (A) the proposed Claims Administration Order; (B) the proposed Notice of Proposed Settlement; (C) the proposed Proof of Claim Form; and (D) the proposed Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement ("Preliminary Approval Order").

12.     For purposes of settlement of this action (and only for such purposes, and without an adjudication on the merits or a determination of whether a class should be certified if the settlement is not approved or does not otherwise become final), and pursuant to Federal Rule of Civil Procedure 23, the proposed Preliminary Approval Order would certify this Action as a class action on behalf of the persons in the following "**Settlement Class**":

(a)     Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

(b)     Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

(c)     Who holds assignment(s) of benefits from the insureds pertaining to such services;

(d)     Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

(e)     Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.  Direct General retains all rights to assert that this Action may not be certified as a class action except for settlement purposes.

13.     The proposed Preliminary Approval Order would approve counsel for Plaintiff as counsel for the Settlement Class ("Class Counsel") for purposes of seeking approval of the settlement of the Action.  Class Counsel for the Settlement Class would be the law firms of Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action.

14.     The proposed Preliminary Approval Order would designate Plaintiff as the representative of the Settlement Class for purposes of seeking approval of the settlement of the Action.

**Requirements Under Rule 23 of the Federal Rules of Civil Procedure**

15.     The Eleventh Circuit recognizes the strong public policy favoring the pretrial settlement of class action lawsuits.  *See e.g., In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).  When presented with a proposed settlement, a court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.

16.     Under Federal Rule of Civil Procedure 23, the requirements of class certification are divided into two subsections: Rule 23(a) and 23(b).  For a class to be certified, each of the four requirements of Rule 23(a) must be satisfied, including (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  In addition, one of the three requirements of Rule 23(b) must be satisfied.  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004).

17.     As established below, the Parties request the Court to find for purposes of the settlement of this action (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or does not otherwise become final) that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met.

A.      **Rule 23(a) of the Federal Rules of Civil Procedure**

18.     Rule 23(a)(1) requires that the members of the settlement class are so numerous that separate joinder of each member is impracticable.  The Eleventh Circuit has noted

"[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir. 1983); *see Vega,* 564 F.3d at 1267; *see also* 28 U.S.C. § 1332 (jurisdictional provisions of the Class Action Fairness Act requiring that a proposed class have not less than 100 members). Here, the proposed Settlement Class contains more than a thousand members. Thus, the numerosity requirement is clearly satisfied.

19.    Rule 23(a)(2) requires that the claims or defenses of the class representative raise questions of law or fact common to the questions of law or fact raised by the claims or defenses of each member of the settlement class. The commonality requirement requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Commonality "does not require that all the questions of law and fact raised by the dispute be common." *Vega,* 564 F.3d at 1268 (citations omitted). It simply requires "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (citing *Stewart v. Winter,* 669 F.2d 328, 335 (5th Cir. 1982)). Commonality exists among the Settlement Class. The Settlement Class has been defined to include claims that arose under common statutory provisions and policy forms.

20.    Rule 23(a)(3) requires that the claims or defenses of the class representative are typical of the claims or defenses of each member of the settlement class. The typicality requirement therefore ensures that the class representative has the same interests as the class. Specifically, "typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008). "[A] strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Appleyard v. Wallace,* 754 F.2d 955, 958

(11th Cir. 1985) (overruled on other grounds by *Green v. Mansour*, 474 U.S. 64 (1985)).  Here, a sufficient nexus exists between Plaintiff and the Settlement Class Members.  Plaintiff and the Settlement Class Members are all health care providers who billed Direct General under PIP coverage and who seek relief arising from Direct General's alleged misapplication of the payment calculation method described in Section 627.736(5)(a)2-5.  They seek interpretation of the same Florida statutes and Direct General's policy forms.

21.    Rule 23(a)(4) requires that the class representative and class counsel can fairly and adequately protect the interests of each member of the Settlement Class.  This requirement has two components: (1) the proposed representative has interests in common with, and not antagonistic to, the interests of the class; and (2) the plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation.  *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987).  Here, the claims of Plaintiff arise from the same course of alleged conduct by Direct General, and Plaintiff has the same interest in attempting to establish its claims against Direct General as those of the Settlement Class.  Additionally, Plaintiff and the Settlement Class Members are represented by experienced counsel.  Class Counsel extensively worked to identify and investigate the claims in this matter.  Further, Class Counsel are experienced in handling class actions and other complex litigation, including claims such as the claims at issue in the case at bar.  Class Counsel have extensive experience not only in handling class actions, but also in handling cases involving Florida's No-Fault Law and PIP.  Thus, the Settlement Class is adequately represented by Class Counsel.

**B.    Rule 23(b)(3) of the Federal Rules of Civil Procedure**

22.    Rule 23(b)(3) requires that "questions of law or fact common to the claims or defenses of the class representative and the claims or defenses of each member of the settlement

class predominate over any questions of law or fact affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These dual requirements are referred to as "predominance" and "superiority," respectively.

23.  Predominance exists with regard to the settlement of this Action. The issues of fact and law common to the Settlement Class predominate over individual issues. The terms of the settlement have mooted many issues that potentially could have required individualized proof if the claims had been fully litigated. Thus, the predominance of common questions is satisfied. *Amchem*, 521 U.S. at 620; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 302 (3d Cir. 2011), *cert. denied,* 132 S. Ct. 1876 (2012), *reh'g denied*, 132 S.Ct. 2451 (2012).

24.  Rule 23(b)(3) lists four factors that the Court should consider in taking into account whether a class action is superior to other methods of adjudicating this action: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Amchem,* 521 U.S at 617; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

25.  An assessment of the Rule 23(b)(3) "superiority" factors show that the class action settlement is a preferred procedure in this case. The amount of damages suffered by the vast majority of the Settlement Class Members are relatively small individual amounts. The economic interests of the Settlement Class Members are therefore well served through the settlement of this class action case. Additionally, the Parties have represented to the Court that

they find it desirable to concentrate the existing litigation – and conclude their settlement – in this forum.

26.     For purposes of certifying this Settlement Class, the above requirements have been satisfied.  Moreover, this case would be certified as a settlement class providing a formulaic approach to damages.  When certification of a settlement class is sought, rather than a litigation class, there are different considerations, and the certification is held to a less stringent standard regarding manageability considerations under Fed. R. Civ. P. 23(b)(3)(D).

27.     Courts have recognized that manageability issues vary when a court is presented with preliminary certification of a settlement class, rather than a litigation class.   When "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *see also Sullivan*, 667 F.3d at 302-03 (holding that the concern for manageability, a central tenet in the certification of a litigation class, is removed from the equation when certification concerns a settlement class).

## THE PROPOSED SETTLEMENT

### A.     The Standard for Preliminary Approval

28.      The preliminary approval of a class action settlement involves a two-step process. *Manual for Complex Litigation, Fourth* (the "Manual"), § 21.632.  First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation. *Id.* If preliminary approval is granted, the court will direct notice to be provided to the class, and a final approval hearing will then be conducted. *Id.; see also* Manual, § 22.924.

29.     The preliminary approval stage requires the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms."  Manual, § 21.632; *see also* 4 Newberg on Class Actions, § 13:64 (courts further examine whether "the proposed settlement and plan of distribution are within the range of possible approval and whether notice to the settlement class of its terms and conditions, and the scheduling of a formal fairness hearing ... will be worthwhile.")

30.     At this stage, the Court need only conduct a *prima facie* review of the relief and notice provided by the Settlement Agreement to determine whether notice should be sent to the Class Members.  Manual, § 21.632; *see also Ass'n for Disabled Ams. Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466-67 (S.D. Fla. 2002).  "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties …. Settlement is generally favored because it conserves scarce judicial resources."  *Hamad ex rel. Hamad v. Busch Entertainment Corp.*, 2006 WL 2666116, at *7 (M.D. Fla. Sept. 15, 2006) (citing *In re Smith*, 926 F.2d 1027, 1028-29 (11th Cir. 1991)); *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Access Now, Inc. v. Claire's Stores, Inc.*, 2002 WL 1162422, at *1 (S.D. Fla. May 7, 2002).  "Determining the fairness of the settlement is left to the sound discretion of the trial court," and will not be overturned "absent a clear showing of abuse of that discretion."  *Bennett*, 737 F.2d at 986.

31.     Ultimately, this court will determine final approval of the settlement.  However, the *Bennett* court noted factors to consider in determining whether a settlement is fair, adequate and reasonable for purposes of preliminary approval:

(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F. 2d at 986.

32.     Here, the proposed settlement plainly satisfies the standard for preliminary approval as the settlement is well within the range of possible recovery at which is fair, adequate and reasonable, and resulted from arm's-length negotiations between experienced counsel at an advanced stage of the proceedings.

**B.     The Proposed Settlement Resulted from
<u>Serious, Informed, and Non-Collusive Negotiations</u>**

33.     The requirement that a settlement be fair is designed to protect against collusion among the parties.   Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." *Newberg*, § 11.41.

34.     Here, the parties reached a settlement after several months of "serious, informed and non-collusive negotiations" and confirmatory discovery and investigations between Plaintiff's counsel and counsel for Direct General.   During this time period, counsel for both parties assessed the strengths and weaknesses of their cases and the value of the potential damages claims.   The nature of the negotiations between the Parties, the experience of Class Counsel, and the fair result reached are illustrative of the arm's-length negotiations that led to the Settlement Agreement.

C.     **The Proposed Settlement is Fair to the Settlement Class.**

35.     The proposed settlement is fair because it provides ample relief to Settlement Class Members without requiring Settlement Class Members to risk the time and delay inherent in any trial.  Accordingly, while Class Counsel are willing to pursue the claims through trial and appeal, if necessary, and believe in the merits of the claims, Class Counsel also recognize the risk and delay that continued litigation poses to the Settlement Class Members and the very real possibility of diminished returns for the Settlement Class even assuming a win at trial due to exhaustion of benefits available to pay claims.

36.     The proposed mail notice program is extensive and the "best notice practicable under the circumstances."  *See Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1287 (11th Cir. 2007) (holding that due process and Fed. R. Civ. P. 23(c) requires the method utilized to be "the best notice practicable under the circumstances.").  The Notice is designed to adequately inform potential Settlement Class Members of the pendency of litigation, instruct them how to make a claim for payment, and afford them an opportunity to present objections, if necessary.  *See Id.* at 1285-86; *see also Gross v. Barnett Banks, Inc.*, 934 F. Supp. 1340, 1344 (M.D. Fla. 1995) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15 (1950)).

37.     Additionally, Settlement Class Members may also contact the Settlement Administrator with any questions concerning the settlement.

38.     Moreover, the settlement provides Settlement Class Members with relief that is fair and adequate compensation.  There is no limited fund and no aggregate cap on Settlement Payments.  Also, the agreed award of attorneys' fees and expenses, in the amount of $190,000.00, is being paid separately by Direct General, and will not be offset against payments

available to Settlement Class Members.  Additionally, to account for the willingness of Plaintiff to serve as class representative, the settlement will provide an incentive bonus in the modest amount of $2,500.00.  The settlement also provides for a liberal claims process.

39.     In sum, the settlement is highly likely to receive final approval as "fundamentally fair, reasonable, and adequate."  Thus, preliminary approval of the settlement by the Court, and notice to the class, are appropriate.

## CONCLUSION

40.     In light of the benefits of the proposed settlement, the risks of the Action proposed to be settled, and the legal standards set forth above, the proposed settlement terms are such that the Court can easily conclude they are "fair, reasonable, and adequate."  For the foregoing reasons, the Parties jointly request that the Court grant preliminary approval of the proposed settlement and direct that notice be provided in the manner outlined in the proposed Order of Preliminary Approval.

**WHEREFORE,** the parties pray this Honorable Court grant this Joint Motion for Preliminary Approval of Class Action Settlement, enter the proposed Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement attached thereto and grant such other and further relief as this Court deems just and proper.

CRAIG E. ROTHBURD, P.A.

/s/ *Craig E. Rothburd*

Craig E. Rothburd, Esq.
FBN: 0049182
808 West De Leon Street
Tampa, Florida 33606
Phone: (813) 251-8800
Fax: (813) 251-5042
E-Mail: crothburd@e-rlaw.com

*Attorney for Plaintiff*

AKERMAN LLP

/s/ *Marcy Levine Aldrich*

Marcy Levine Aldrich, Esq.
FBN: 0968447
One Southeast Third Ave., 25th Floor
Miami, FL  33131
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: Marcy.Aldrich@akerman.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **28th day of May 2015**, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that will send a notice of electronic filing to:  **Marcy Levine Aldrich, Esquire** and **Valerie B. Greenberg, Esquire**, AKERMAN LLP, One Southeast Third Avenue, Suite 2500, Miami, Florida 33131, as well as counsel of record.

CRAIG E. ROTHBURD, P.A.


/s/ *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ. - FBN: 0049182
320 W. Kennedy Blvd., Suite 700
Tampa, Florida 33606
Phone: (813) 251-8800
Fax: (813) 251-5042
E-Mail: crothburd@e-rlaw.com
Our File No: 6052
**ATTORNEYS FOR PLAINTIFF**