# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:12-cv-2408-CEH-AEP

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI,

                      Plaintiff,

v.

DIRECT GENERAL INSURANCE COMPANY,

                      Defendant.

_____/

## SETTLEMENT AGREEMENT AND STIPULATION

      This Settlement Agreement and Stipulation (the "Agreement") is entered into as of

_May, 20_, 2015, between MRI Associates of St. Pete, Inc. (the "Class

Representative" or "MASPI"), on behalf of itself and the Settlement Class defined below,

and Direct General Insurance Company ("Direct General").

      **WHEREAS,** MASPI originally brought the above-captioned action in the Thirteenth

Judicial Circuit Court in and for Hillsborough County, Florida (State Case No. 12-CA

014335 (F)) (the "Action") and the Action was subsequently removed to the United States

District Court for the Middle District of Florida (Case No. 8:12-cv-2408-CEH-AEP);

      **WHEREAS,** MASPI allegedly provided magnetic resonance imaging ("MRI")

and/or other medical services to Direct General insureds Tilishia Rhymes, James Clarke,

Ashleigh Paskert, and Erin Thatcher (collectively, the "Patients") and submitted those bills to

Direct General for payment pursuant to assignments of benefits received from the Patients;

**WHEREAS,** the Amended Complaint (ECF No. 46)[1] alleges, among other things, that the Florida No-Fault ("PIP") Statute, Fla. Stat. § 627.736 (2007-2011) gave insurers a choice of two methods to pay bills for PIP benefits: (a) the method described in Section 627.736(1)(a) and (5)(a)1 (what MASPI terms the "Reasonable Amount Method"); or (b) a method of paying 80% of the fee schedule set forth in Section 627.736(5)(a)2 (what MASPI terms the "Fee Schedule Method"). MASPI alleges that Direct General unlawfully processed its PIP claims according to the Fee Schedule Method "without clearly and unambiguously adopting that method in its PIP insurance policy" and that medical providers are therefore "in doubt" concerning the correct payment for their claims;

**WHEREAS,** MASPI has asserted class action claims for declaratory relief (ECF No. 46, Counts I and III) as well as individual damages counts for breach of contract (ECF No. 46, Counts II and IV);

**WHEREAS,** Direct General denies all allegations of fault, wrongdoing or liability in the Action and does not concede any infirmity in its defenses;

**WHEREAS,** this settlement is made on behalf of the Settlement Class defined herein. Members of the Settlement Class shall be entitled to payment by Direct General in accordance with the terms below and if they timely submit completed Claim Forms;

**WHEREAS,** the Parties have agreed to seek conditional certification of this Settlement Class. The Parties have also agreed: (a) that MASPI shall be appointed as the representative of this Settlement Class; and (b) the firms of Jeeves Law Group, P.A., de la

---

[1]     "ECF" references in this document refer to the docket number in the electronic docket for the Action in the Middle District of Florida.

Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., shall be appointed to serve as Counsel to the Settlement Class ("Settlement Class Counsel");

**WHEREAS,** Direct General has provided certain information, certain data, and made certain representations to Settlement Class Counsel concerning the manner in which it conducts business in the State of Florida as it pertains to the allegations contained within the Complaint in the Action. Direct General has represented to Settlement Class Counsel that such information and data is reasonably accurate and complete, and, further, that consideration for this settlement was calculated based on such reasonably accurate data. The Parties hereto acknowledge that Settlement Class Counsel has relied upon the reasonable accuracy and completeness of such information and data supplied to such counsel by Direct General. The Parties also note that such information and data is subject to the confidentiality provisions of this Agreement and/or or the confidentiality order and agreement entered in this Action (ECF Nos. 67 and 66-1) and will not be publicly filed;

**WHEREAS,** counsel for the Parties have conducted extensive settlement discussions and arm's-length negotiations in an effort to accomplish a compromise and settlement of the claims asserted in the Action. Based on the investigation, research and analysis conducted to date, the Parties consider it desirable and in their best interests and in the interests of the Settlement Class to have an opportunity to reach an equitable, appropriate, statewide resolution of the issues raised in the Action, on the terms set forth herein, taking into account the risks, uncertainties, delay and expense involved in the Action, as well as other relevant considerations, including, but not limited to, the time and expense of defending costly and

protracted litigation in the trial court and/or on appeal, and to fully and finally settle all claims asserted in this matter; and

**WHEREAS,** the Parties agree that, by entering into this Settlement, no party shall be deemed to have admitted in any way any claims or contentions made by the other, nor to have diminished in any way the validity of any claim or contention asserted by that party with respect to the Action. It is further specifically agreed that Direct General's execution of this Agreement is not, and shall not be construed as, an admission by Direct General or deemed to be evidence: (a) of the validity of any of the claims made by the Class Representative on behalf of the Settlement Class Members or of any liability to the Class Representative or to any Settlement Class Member; (b) that Direct General has violated Fla. Stat. § 627.736; or (c) that the Action is properly maintainable as a class action. The Parties further agree that any documents prepared or executed by any party in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, which are not publicly filed, shall ever be offered in evidence in or shared with any party to any civil, criminal or administrative action or proceeding without Direct General's express written consent.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between Direct General and the Class Representative, acting for itself and on behalf of the Settlement Class, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been asserted by the

Class Representative and the Settlement Class in this matter against the Released Parties, as defined herein, shall be settled, released and dismissed with prejudice, subject to the following terms and conditions, all of which are subject to approval by the Court:

## I. Definitions

The following terms shall have the following meanings in this Agreement and the annexed exhibits.

1.1    The "**Action**" means the following action: *MRI Associates of St. Pete, Inc., d/b/a St. Pete MRI v. Direct General Ins. Co.*, (Case No. 8:12-cv-2408-CEH-AEP) (M.D. Fla.).

1.2    The "**Claims Administration Order**" means an order in the form of the draft attached as **Exhibit A.** The Parties reserve the right to revise the draft Claims Administration Order prior to its entry by the Court.

1.3    The "**Class Period**" means the period from January 1, 2008, to the date of Preliminary Approval of this Settlement.

1.4    The "**Class Representative**" or "**MASPI**" means the Plaintiff, MRI Associates of St. Pete, Inc.

1.5    The "**Complaint**" means the Amended Complaint filed in this Action (ECF No. 46).

1.6    The "**Court**" means the United States District Court for the Middle District of Florida.

1.7    "**Direct General**" means the Defendant, Direct General Insurance Company.

1.8     The "**Direct General Data**" means the names, addresses, policy numbers and/or any other information which may be compiled by Direct General pursuant to the terms of this Agreement and the data processing and other record keeping procedures and materials to be utilized by Direct General in identifying the Settlement Class Members and effectuating Direct General's other obligations hereunder

1.9     The "**Fairness Hearing**" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

1.10     Any order of the Court contemplated by or entered pursuant to this Agreement shall be deemed to have become "**Final**": (a) thirty (30) days after the entry of Final Judgment if no appeal is taken during such thirty-day period; or (b) if, during the aforesaid thirty-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.  It is expressly agreed by Class Counsel and by Direct General that neither party intends that this Section nor any other part of this Agreement establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

1.11     The "**Final Judgment**" means the Final Judgment and Order Approving Settlement.

1.12     The "**Notice**" means the Notice of Proposed Settlement substantially in the form of the draft attached as **Exhibit B**.  The Parties reserve the right to revise the draft Notice prior to its approval by the Court.

1.13    The "**Order of Preliminary Approval**" means an order without material alteration from the form of **Exhibit D**.

1.14    All references herein to Fla. Stat. § 627.736 and/or the "**PIP Statute**" refer to the versions of Fla. Stat. § 627.736 in effect from January 1, 2008 through June 30, 2012, and prior to the July 1, 2012 effective date of Fla. Stat. § 627.736 (2012), Ch. 2012-197, Laws of Fla., H.B. 119 (Fla. 2012).

1.15    The "**Proof of Claim Form**" or "**Claim Form**" means the proof of claim form substantially in the form of the draft attached as **Exhibit C**. The Parties reserve the right to revise the draft Proof of Claim Form prior to its approval by the Court.

1.16    Medical bills submitted by Settlement Class Members that meet the criteria set forth in the Settlement Class Definition are referred to herein as "**Qualifying Bills**."

1.17    "**Qualifying Medical Services**" as referenced herein refers to medical services legally compensable under the personal injury protection provisions of Qualifying Policies.

1.18    As of January 1, 2008, Florida automobile insurance policies issued by Direct General were governed by the personal injury protection provisions of the Personal Auto Policy Booklet (Form FL 002A) [the "Policy Booklet"].   Policies arising under the Policy Booklet are referred to herein as the "Old Policies."   On or about May 28, 2010, the Direct began to issue new and renewal Policies with an amendatory endorsement revising certain provisions of the Policy Booklet, including the PIP provisions. (Amendatory Endorsement FL028A (04-10) [the "2010 Endorsement"].   Policies arising under the 2010 Endorsement

are referred to herein as the "4-10 Policies." The Old Policies and the 4-10 Policies are referred to collectively herein as the "**Qualifying Policies**."

1.19 "**Released Claims**" means any and all claims, actions, demands, lawsuits, rights, liabilities, declarations, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including without limitation contractual or extra-contractual claims or damages (inclusive of statutory and common law bad faith claims), claims or damages at law or in equity, or penalties and punitive claims or damages of any kind or description which now exist or heretofore existed, by or on behalf of any Settlement Class Member against the Released Parties, including without limitation those which have been or could have been asserted in the Lawsuit, arising out of or relating to any Qualifying Bill covered by this Settlement, concerning Direct General's calculation or payment of amounts based on the fee schedules contained in Fla. Stat. § 627.736(5)(a)2a-f, including the application of deductibles or other similar amounts, that may have been paid or owed for Qualifying Medical Services during the Class Period under a Qualifying Policy.

1.20 "**Released Parties**" means Direct General Insurance Company, and any person or entity covered or insured by Direct General, and any third party that provided medical bill review or audit services to Direct General, and each of their respective present and former officers, directors, employees, insurers, insureds, attorneys, assigns, and/or anyone acting or purporting to act for them or on their behalf.

1.21 The "**Settlement**" means the settlement of the Action as set forth in this Agreement and attachments.

1.22    The "**Settlement Class**" is comprised of persons:

(a)    Who are  Medical Providers as described in Fla. Stat. § 627.736(1)(a);

(b)    Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

(c)    Who holds assignment(s) of benefits from the insureds pertaining to such services;

(d)    Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

(e)    Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

1.23    Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons;  and (2) members of the Florida State or Federal Court Judiciary and their immediate families.  Members of the Settlement Class are referred to herein as "**Settlement Class Members.**"  Settlement Class Members will be identified exclusively based on information in Direct General's own records.

1.24    "**Settlement Class Counsel**" shall mean and refer to Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action.

1.25    "**Settlement Effective Date**" shall mean the date the Final Judgment becomes final.

1.26    "**Settlement Payment**" shall mean the payment described in Section VI.

## II. Submission of Agreement for Preliminary Approval and Order

Upon execution of this Agreement, the Parties shall request an Order of Preliminary Approval without material alteration from the form of Exhibit D. The Order of Preliminary Approval shall include terms as follows:

2.1     Preliminarily approving the Settlement of this Action;

2.2     Providing that any Settlement Class Member that does not file a timely and complete election to opt out of this Settlement by the deadline set forth in the Claims Administration Order will be bound by this Settlement;

2.3     Providing that any Class Member that files a timely and complete election to opt out of this Settlement by the deadline set forth in the Claims Administration Order may proceed with its own action;

2.4     Certifying the Class Action as a class action for settlement purposes only on behalf of the Settlement Class defined above; and

2.5     Appointing the firms of Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A. as Settlement Class Counsel.

## III. Submission of Claims Administration Order

Within thirty (30) days after the Court enters an Order of Preliminary Approval, the Parties shall consult with the Settlement Administrator and set a date for commencement of the Claims Administration Process, which shall commence no later than forty-five (45) days after the Court enters an Order of Preliminary Approval. This shall be known as the "**Claims Administration Date**." Within that same 30-day time period, the Parties shall submit a joint

Claims Administration Order for execution by the Court, which shall include the following terms:

      3.1     Approving and directing that notice and claim forms be provided to the Settlement Class. The Parties have agreed that notice is to be accomplished by direct mail for Class Members for whom Direct General can reasonably ascertain mailing addresses from a review of its records. Accordingly, the Claims Administration Order shall direct the Settlement Administrator to cause to be mailed a Notice and a Proof of Claim Form to those Class Members for whom Direct General can reasonably ascertain mailing addresses from a review of its records by first class mail, postage pre-paid, addressed to his, her or its last known address, if any, as shown by the records of Direct General. Either before the Notice is mailed or after a Notice is returned, addresses will be run through the Change of Address ("NCOA") or ACCURINT database. For only Notices that are returned, addresses will then be cross-referenced against data maintained by Florida's Agency for Healthcare Administration. An extra copy of the Notice shall also be mailed to all counsel of record for any Settlement Class Member who has claims in known active litigation with Direct General as ascertained from a review of Direct General's own records (*i.e.,* the Settlement Class Member has a lawsuit pending in Florida against Direct General as of the date of the Order of Preliminary Approval in this Action). It is also agreed by the Parties that this procedure constitutes an appropriate effort to locate current addresses for Settlement Class Members. No additional efforts shall be required.

3.2     Determining, pursuant to Fed. R. Civ. P. 23(e), that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

3.3     Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Fed. R. Civ. P. 23(e); and (b) to determine whether Final Judgment should be entered in accordance with the terms of this Agreement.

3.4     Providing that any Settlement Class Member may opt out of the Settlement Class in this Action in the manner described herein, providing that all such elections to opt out must be in writing and must be postmarked or received by the Settlement Administrator and filed with the Court by no later than the deadline set forth in the Claims Administration Order.

3.5     Providing that an Opt-Out exclusion request shall be in the form of a written submission from the Settlement Class Member.  It shall be postmarked no later than forty-five (45) days after the mailing of the Class Notice and shall include: (a) a prominent identifying reference to this Action as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP"; (b) the Settlement Class Member's full legal name and any aliases; (c) the Settlement Class Member's Tax Identification Number (if an entity) or last four digits of his or her Social Security Number (if a person); (d) the Settlement Class Member's address; (e) an expression of the Settlement Class Member's desire to opt out or be excluded from the Settlement Class; and (f) the signature of the Settlement Class Member or an authorized representative of the Settlement

Class Member, indicating the name and position of the signatory.   A separate Opt-Out exclusion request must be submitted by each person or entity requesting exclusion from the settlement.  Settlement Class Members may not opt out specific claims or bills submitted for payment while still participating for other claims or bills.  Settlement Class Members must either submit a single opt out for any and all Qualifying Bills or submit its claims form(s) as required herein.  If the Opt-Out exclusion request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third party signor (e.g., attorney, billing agent, or other third party) must include the following attestation on the Opt-Out exclusion request: "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out exclusion request is submitted, has been provided a copy of and an opportunity to read the Class Notice and thereafter specifically requested to be excluded from this Settlement Class." These instructions shall be included in the Class Notice.

3.6     Providing that the Settlement Administrator shall file with the Court a list of all Class Members who timely and properly elect to opt out by no later than the deadline set forth in the Claims Administration Order.

3.7     Providing that any Settlement Class Member that objects to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such Settlement Class Member wishing to object shall only be heard if, by the deadline set forth in the Claims Administration Order, the Settlement Class Member submits written notice of the objection, including the names of all witnesses

and a copy of the factual basis and legal argument for such objection. Such written objection and/or any petition to intervene must be filed with the Court and served on Settlement Class Counsel and Counsel for Direct General on or before the deadline set forth in the Claims Administration Order.  Any Settlement Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.

      3.8     Providing that no person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged or which otherwise were at issue in this Action.

      3.9     Authorizing the use and disclosure by Direct General and Settlement Class Counsel of such information, including, but not limited to, the Direct General Data, as is contemplated and necessary to effectuate the terms and conditions of this Settlement, to protect the confidentiality of the names and addresses of persons insured by Direct General or other confidential or proprietary information pursuant to the terms of this Agreement.

## IV. <u>Fairness Hearing</u>

      On the date set by the Court for the Fairness Hearing, the parties shall jointly request the Court to consider and determine any petitions to intervene or objections to the Settlement

that have been timely filed.  At the Fairness Hearing, the parties shall jointly request the Court to enter Final Judgment:

4.1     Determining that the mailing of the Notice and Proof of Claim Forms to all Class Members in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of Fed. R. Civ. P. 23 and due process;

4.2     Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Fed. R. Civ. P. 23; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement;

4.3     Approving the timely and complete elections to opt out;

4.4     Certifying the Settlement Class for settlement purposes only pursuant to Fed. R. Civ. P. 23(e);

4.5     Providing that each member of the Settlement Class (except those who have filed timely and complete elections to opt out) shall be bound by this Settlement; releasing and discharging the Released Parties from all Released Claims; permanently barring the Class Representative and the Settlement Class Members from asserting any of the Released Claims against the Released Parties in any court or forum whatsoever; dismissing all claims in this Action against Direct General on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

4.6     Awarding the Class Representative the incentive award, attorneys' fees and costs as provided herein;

4.7     Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement; and

4.8     Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree.

## V. <u>Settlement Administration</u>

Upon execution of this Agreement, the Settlement Administrator will compile the names and last-known addresses of the Settlement Class Members for whom Direct General can reasonably ascertain mailing addresses from a review of its records, as well the last-known addresses of all counsel of record for any Settlement Class Member who has claims in known active litigation with Direct General as ascertained from a review of Direct General's own records (*i.e.,* the Settlement Class Member has a lawsuit pending in Florida against Direct General as of the date of the preliminary approval order). Notice shall be accomplished as set forth in Section III herein.

5.1     Direct General agrees to pay all reasonable costs of settlement.  Such costs shall be paid separately and in addition to the amounts specified in Section VI herein.

5.2     The Parties agree they will work together to hire an appropriate external Settlement Administrator (the "Settlement Administrator") and to effectuate reliable and accurate claims administration.  To the extent that the Parties use a third-party Settlement Administrator, it is understood and agreed that no Party shall have responsibility or liability with respect to any acts, omissions, or any conduct of such Settlement Administrator in connection with the administration and distribution of this Settlement, including, but not

limited to, providing notice to the Settlement Class Members and responding to queries from Settlement Class Members.

## VI. Consideration & Payment Of Settlement Amounts

Each Class Member that submits a timely and complete Proof of Claim Form shall be entitled to a Settlement Payment as set forth herein.

6.1     Settlement Class Members who submit a qualifying Proof of Claim Form will be eligible to receive a Settlement Payment of no more than the Maximum Claim Amount, subject to the other requirements and terms of this Agreement.  Except as provided in section 6.2, the Maximum Claim Amount will be calculated as follows:

> Seventy five percent (75%) of the difference between: (i) Eighty percent (80%) of the amount of charges billed by the Settlement Class Member in connection with Qualifying Bills; and (ii) the amount previously paid by Direct General on Qualifying Bills. (Such amounts shall be determined exclusively based on the information available in Direct General's own records.)

6.2     The Maximum Claim Amount **shall not exceed** the following:

(a)     For services that would be covered by Fla. Stat. § 627.736(5)(a)2.f: five hundred percent (500%) of the allowable amount under the participating physicians fee schedule of Medicare Part B. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care reimbursed under Medicare Part B. If Qualifying Medical Services are not reimbursable under Medicare, the Allowed Amount shall be limited to five hundred percent (500%) of the allowable amount under workers' compensation, as determined under Fla. Stat. § 440.13.

(b)     For services that would be covered by Fla. Stat. § 627.736(5)(a)2.a.: five hundred percent (500%) of Medicare. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

(c) <u>For services that would be covered by Fla. Stat. § 627.736(5)(a)2.d. and e.</u>: five hundred percent (500%) of Medicare Part A. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

(d) <u>For services that would be covered by Fla. Stat. § 627.736(5)(a)2.b. or c.</u>: the Claim Amount without regard to the caps in subparagraphs (a)-(c) above.

(e) Where the Settlement Claim Form includes charges previously applied to a deductible, those charges will also be recalculated pursuant to the settlement, the Maximum Payment Amount shall also include additional amounts due based upon that recalculation (i.e., earlier satisfaction of the deductible).

6.3     Except as set forth herein, no additional sums shall be paid to the Settlement Class Members, including any amounts for interest of any kind.

6.4     Amounts to be used to fund Direct General's payments (the "Funding Amounts") shall be reserved by Direct General but need not be placed into escrow or be segregated from Direct General's other funds or accounts. The Funding Amounts shall not bear interest. All payments pursuant to this Agreement shall be paid solely from the Funding Amounts. The Funding Amounts shall be the exclusive remedy for all Settlement Class Members. At all times, the Funding Amounts shall be controlled by Direct General.

6.5     All payments shall be made payable only to the Settlement Class Member.

6.6     The Maximum Claim Amount shall be subject to the application of the insured's deductible under the applicable Qualifying Policy.

6.7     All coverage terms or payment limitations provided for under the Qualifying Policies and the PIP Statute shall continue to apply, except as provided herein.

6.8     Coverage benefits remaining under the Qualifying Policies as of the date the Settlement Claim Form is deemed submitted shall be applied in determining the Maximum

Claim Amount. However, the Maximum Claim Amount shall not be reduced by exhaustion of benefits occurring after the date the Settlement Claim Form is deemed submitted. For the exclusive purpose of determining exhaustion of benefits, a Settlement Claim Form shall be deemed submitted based upon its postmark date, plus fifteen (15) days, except that any Settlement Claim Forms submitted prior to the Court's final approval of the settlement shall be deemed submitted as of the date the settlement becomes final (i.e., the Effective Date) thereby authorizing claim amount payments as contemplated by the settlement terms. To the extent this provision may result in payment for extra-contractual coverage over the $10,000.00 PIP coverage limit, any such extra coverage will be limited to no more than $2,000.00 in additional total PIP benefits per Qualifying Policy.

6.9     Direct General agrees that it will waive any defense that a Settlement Class Member's claims or treatment were unreasonable and/or unnecessary. However, this waiver will not apply in the event that Direct General challenges a Qualifying Bill on the basis of fraud or other illegality under Fla. Stat. § 627.736(17). To the extent, if any, that a class member's timely submitted claim is denied as a result of Direct General's assertion of any such defense, the Settlement Class Member's claim shall be excluded from the release except for claims denied due to exhaustion of benefits.

6.10    After entry of Final Judgment (barring any appeals) and no later than the payment deadline set forth in the Claims Administration Order, a check or draft payable to each Class Member in the amount of the Class Member's Maximum Claim Amount (as set forth herein) shall be mailed to each Settlement Class Member who submits a timely and properly executed Proof of Claim, except those Settlement Class Members who have elected

to opt out of the Settlement.  If an appeal is taken from the Final Judgment, the Settlement Payments shall not be due until at least forty-five (45) days after the resolution of such appeal.  Direct General shall not be obligated to make Settlement Payments if the Settlement is not approved and/or sustained on appeal.

6.11    Settlement Class Members must reimburse Direct General any Settlement Payment if it later turns out such Settlement Class Member has already been paid and/or released the particular claim against Direct General, with such reimbursement limited to the actual amount(s) the Settlement Class Member received for the particular claim(s) as part of this Settlement.

6.12    Settlement Class Members must reimburse to Direct General any Settlement Payment if an insured rightfully makes a claim for the same benefits and Direct General makes payment for the benefit to the Direct General insured, with such reimbursement limited to the actual amount(s) the Settlement Class Member received for the particular claim(s) as part of this Settlement.

6.13    All settlement checks will be valid for one hundred eighty (180) days.  The claimant has the right to request a replacement check during the one hundred and eighty (180) day time period if the check is lost or destroyed.

6.14    Settlement Class Members and Direct General shall each have the right to challenge the determination of the Class Administrator regarding a claimant's eligibility to receive a Settlement Payment and/or the amount of a Settlement Payment and are entitled to a review and re-determination by the Class Administrator, in consultation with Class Counsel and counsel for Direct General.  Settlement Class Members shall have the right to challenge

Direct General's calculation of, or other determination as to the amount of Settlement

Payment due, within thirty (30) days after the mailing of the Settlement Payment.

      6.15    If an agreement cannot be reached, any disputes between the Settlement Class

Members and Direct General as to eligibility for or the amount of any Settlement Payment

shall then be resolved by the Court.  All documents any Settlement Class Member files with

the Court to dispute eligibility for or the amount of a Settlement Payment shall also be served

on:

> Settlement Class Counsel
> Scott Jeeves, Esq.
> Jeeves Law Group P.A.
> 954 First Avenue North
> St. Petersburg, FL 33705
>
> And
>
> Direct General Counsel
> Marcy Levine Aldrich, Esq.
> Akerman LLP
> One Southeast Third Ave., 25th Floor
> Miami, FL 33131.

## VII. Attorneys' Fees and Costs and Class Representative Incentive Award

      Direct General will not oppose an award for attorneys' fees and costs to Settlement

Class Counsel, Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A.,

and Physicians Collections Group, P.A., in the amount of one hundred and ninety thousand

dollars ($190,000.00).  The attorneys' fees and costs have been negotiated between the

Parties and reduced in consideration for the settlement of this matter based upon Settlement

Class Counsel's representations as to the reasonable time, effort, and risk involved in

prosecuting this matter.  The Parties agree that such fee award shall be paid by Direct

General separately and apart from amounts paid to the Settlement Class Members and that the attorneys' fees and costs shall in no way diminish the amount recoverable by each Settlement Class Member. No additional amounts shall be payable by Direct General for attorneys' fees or costs to in connection with this Action. Unless as otherwise provided for in this agreement or if the Agreement is terminated pursuant to the terms of this Agreement, the Parties agree that all attorneys' fees and costs accrued after the date that this Agreement is signed shall not be recoverable by the Class Representative and/or the Settlement Class.

7.1     The attorneys' fees and costs in the paragraph above shall be payable by Direct General within thirty-five (35) days after the entry of Final Judgment. If an appeal is taken from the Final Judgment, this amount shall not be due until thirty-five (35) days after the resolution of such appeal. The entire amount shall be made payable to the Jeeves Law Group, P.A., which shall be responsible for disbursing and allocating that amount among Settlement Class Counsel, Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A. Direct General shall also not be obligated to pay any attorneys' fees and costs if the Settlement is not finally approved and/or sustained on appeal. If this Settlement is not finally approved or sustained, then Direct General shall be entitled to contest Settlement Class Counsel's entitlement to an award of attorneys' fees and costs in this Action.

7.2     Direct General will not oppose a request by MASPI for the amount of two thousand, five hundred dollars ($2,500.00) as a Class Representative Incentive Award. Such award shall be paid by Direct General separately and in addition to the amounts paid the Settlement Class. This Class Representative Incentive Award shall be payable within thirty-

five (35) days after the entry of Final Judgment. If an appeal is taken from the Final Judgment, the award shall not be due until thirty-five (35) days after the resolution of such appeal. Payment of the Class Representative Incentive Award shall be delivered in care of the Jeeves Law Group, P.A. Direct General shall also not be obligated to pay any Class Representative Incentive Award if the Settlement is not finally approved and/or sustained on appeal. If this Settlement is not finally approved or sustained, then Direct General shall be entitled to contest the Class Representative's entitlement to an Incentive Award in this Action.

7.3    The parties agree that in the event individual objectors attempt to enter this litigation and/or object to or oppose this settlement, MASPI will bear its own attorneys' fees and costs associated with any efforts to resolve objectors' claims and demands in this litigation, except to the extent that MASPI may seek to recover its attorneys' fees and costs against anyone who submits a frivolous or bad faith objection. In no event shall Direct General be responsible for any such fees and costs.

## VIII. Termination of the Agreement

The following provisions govern termination of this Agreement:

8.1    Direct General shall have the right, in its sole discretion, to nullify this Settlement if more than ten percent (10%) of the Settlement Class Members opt out of the Settlement or if the combined Maximum Claim Amounts of those Settlement Class Members who opt out represent more than ten percent (10%) of the total of the Maximum Claim Amounts associated with all Qualifying Bills. If Direct General so elects, the Settlement thereafter shall have no further force and effect with respect to any party in this action.

Direct General must exercise this right within fifteen (15) days after the expiration of the deadline for elections to opt out as set forth in the Claims Administration Order.  In order to invoke this right to nullification, Direct General must file and serve a formal document entitled Notice of Nullification of Settlement which will provide the factual basis for the nullification which will include supporting documentation.  Neither the Class Representative nor any Settlement Class Member shall be permitted to seek enforcement of Settlement or any of its terms against Direct General should Direct General elect to nullify the Settlement.

8.2      Upon entry of an order by any court that invalidates or disapproves the Settlement, in whole or in part, or which alters any material term of this Settlement without the Parties' consent, any party to the Settlement shall have the right to nullify and to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any party in this Action.  Either party must exercise this right to nullify and void the Settlement within twenty (20) days after the court order which alters any material term of this Settlement.  In order to invoke this right to nullification under this paragraph, the party must file and serve a formal document entitled Notice of Nullification of Settlement which will provide the factual basis for the nullification which will include supporting documentation.

8.3      In the event the Settlement is nullified, the Settlement shall not be offered in evidence or used in this or any other action for any purpose including, but not limited to, the existence, certification or maintenance of any purported class.

8.4      In such event, this Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed

to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to this action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

8.5     If this Settlement shall fail for any reason or if this Agreement shall be nullified by Direct General or the Class Representative: (a) This Agreement shall not have further force and effect and all proceedings having taken place with regard to this Agreement or the Proposed Settlement shall be without prejudice to the rights and contentions of the parties hereto or of any potential Class Members in this Action or in any other litigation; (b) the Parties hereto agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement; and (c) the Parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement.

## IX. Confidentiality

The Direct General Data is represented by Direct General to constitute highly confidential and proprietary business information. The confidentiality of the Direct General Data shall be protected by entry by the Court of the Preliminary Approval Order and Final Judgment, approving the terms set forth herein, as well as the confidentiality order previously entered by the Court (ECF Nos. 67 and 66-1).

9.1     It is agreed that no person, other than individuals employed by Direct General or to whom Direct General has expressly permitted access, shall be allowed access to the Direct General Data except: (a) Settlement Class Counsel and attorneys and clerical personnel employed by such counsel; (b) the Settlement Administrator; and (c) such other persons as the Court may order after hearing on notice to all counsel of record.

9.2     It is further agreed that, after performance of all terms of this Agreement is complete, any and all Direct General Data provided by Direct General to Settlement Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Direct General.

9.3     Notwithstanding the above provisions, the Parties agree that the names of Settlement Class Members that properly opt out of this Settlement may be filed with the Court and that the filing of this information will not constitute a violation of this Agreement and orders approving the terms set forth herein.  Additionally, should any Settlement Class Member file a dispute with this Court as to eligibility for or the amount of any Settlement Payment, Direct General may file in response any and all Direct General Data pertaining to that Settlement Class Member's disputed claim, and the filing of such information will not constitute a violation of this Agreement and orders approving the terms set forth herein. Nothing in this Paragraph shall be construed to permit filing or disclosure of any other information designated as confidential by the Parties.   Nothing in this confidentiality agreement shall interfere with any attorney's duties to the court.

## X. Release Of Claims

No claim that was not specifically referenced herein is released as a result of this Settlement.

10.1     Upon the date that this Agreement and the Final Judgment become Final, MASPI and all Settlement Class Members who have not timely and properly opted out of the Settlement Class, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors,

successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, hereby release and discharge the Released Parties of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

## XI. Miscellaneous Provisions

The following miscellaneous provisions apply to this Settlement:

11.1    Neither this Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Direct General of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, except that the Settlement Agreement and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Settlement Agreement, or in any proceeding in which issues are presented which pertain to Direct General's compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement.

11.2     Except as otherwise provided in this Settlement Agreement, Direct General does not waive defenses that persons are not part of the class or other coverage defenses with respect to the Qualifying Bills covered by this Settlement.

11.3     The Parties and their counsel express no opinion concerning the tax consequences of this Settlement to individual Settlement Class Members and make no representations, warranties or other assurances regarding such tax consequences.   No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of this Settlement Agreement or by effectuating this settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  The Class Notice will direct Settlement Class Members to consult their own tax advisors regarding any tax consequences of the proposed settlement, including any payments or benefits provided hereunder, and any tax reporting obligations they may have with respect thereto.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

11.4     All proceedings with respect to the Settlement described by this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims and the interpretation of this Agreement, shall be subject to the continuing jurisdiction of the Court.

11.5    Under no circumstances shall Direct General be required under this Agreement to incur or pay any fees or expenses, which it is not explicitly obligated to incur or pay hereunder.

11.6    The Class Representative shall be entitled to reasonable confirmatory discovery of the information provided by Direct General in effectuating this Settlement. This discovery shall be comprised of affidavits to be provided by Direct General which shall verify the information to be provided. No additional discovery shall be required.

11.7    All matters not specifically covered by the provisions of this Agreement shall be resolved by Agreement of Settlement Class Counsel and counsel for Direct General, or if they cannot agree, by the Court.

11.8    The parties agree that, if either party is contacted by and/or wants to issue any statement to the Press or Media regarding the Settlement of this Action, that, prior to final approval, they will both agree on the language to appear in a joint statement. If they are unable to agree, no statement will be issued and a party may only communicate that: (a) the case has settled; (b) the terms are set forth in the Settlement Agreement on file at the Court; and (c) the Parties cannot comment on the Settlement.

11.9    The service of papers and notices under this Agreement shall be made upon the Plaintiff and the Settlement Class by mailing such papers on:

> Scott Jeeves, Esq.
> Jeeves Law Group P.A.
> 954 First Avenue North
> St. Petersburg, FL 33705

and upon Direct General by mailing such papers on:

> Marcy Levine Aldrich, Esq.
> Akerman LLP
> One Southeast Third Ave., 25th Floor
> Miami, FL 33131

11.10   This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties.  This document has been drafted jointly and is not to be construed against any party.

11.11   This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement.

11.12   Each and every term of this Agreement shall be binding upon and inure to the benefit of the Class Representative, the Settlement Class Members, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of Direct General, which is intended to be the beneficiary of this Agreement.

11.13   This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  Photocopies of fully executed copies of this Agreement may be treated as originals.

11.14   Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

11.15   As set forth above, this Settlement is contingent upon approval by the Court.

**EXECUTED ON BEHALF OF DIRECT GENERAL BY:**

Printed Name: _PETER A HANSEN_

Date: _5/20/2015_

STATE OF _TENNESSEE_ )
                         ): SS
COUNTY OF _DAVIDSON_ )

       I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _PETER A. HANSEN_ who is <u>personally known to me</u>, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

       WITNESS my hand and official seal in the County and State last aforesaid this _20th_ day of _May_, 2015.

My commission expires: _Jan. 11, 2017_

                              Notary Public, State of _TN_

Commission No.:

                              _KAREN A. MOODY_
                              Printed Name of Notary

**EXECUTED INDIVIDUALLY AND ON BEHALF OF THE
SETTLEMENT CLASS BY CLASS REPRESENTATIVE
MRI ASSOCIATES OF ST. PETE, INC. BY:**

Date: 5|18|15

STATE OF FLORIDA       )
                      ): SS
COUNTY OF Pinellas    )

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared Kimberly Mahoney, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this 18 day of May , 2015.

My commission expires:

REBECCA BRADY
MY COMMISSION # EE 221233
EXPIRES: July 31, 2016
Bonded Thru Budget Notary Services

Notary Public, State of Florida

Commission No.:

Rebecca Brady
Printed Name of Notary

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI, as assignee
individually, and on behalf of all those
similarly situated,

      Plaintiff,                        CASE NO.: 8:12-cv-2408-CEH-AEP

vs.

DIRECT GENERAL INSURANCE
COMPANY,

      Defendant.

_____/

### CLAIMS ADMINISTRATION ORDER

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement Agreement, the Order of Preliminary Approval, and the proposed Settlement as set forth in the Settlement Agreement and Stipulation ("Settlement Agreement"), a copy of which has been previously submitted and the terms of which are incorporated herewith, and all other prior proceedings in this Action, and finding that good cause for this Order has been shown:

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.      The form of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice"), attached hereto as **Exhibit 1**, is approved by the Court.

2.      The form of the Settlement Claim Form, attached hereto as **Exhibit 2**, is approved by the Court.

3.     The Parties have consulted with the Settlement Administrator and have set a date for commencement of the Claims Administration Process (the "Claims Administration Date"), which shall be ten (10) business days from the date of this Order.

4.     Within ten (10) business days of the Claims Administration Date, the Settlement Administrator will send to each Settlement Class Member a Notice and Settlement Claim Form by direct mail in accordance with the terms of the Settlement Agreement.

5.     The Court finds that, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that the notification procedures set forth above and in the Settlement Agreement will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

6.     Any Settlement Class Member may submit a claim for a settlement payment in the manner and with the consequences described in the Settlement Agreement and Notice, providing that all such Settlement Claim Forms must be postmarked no later than one hundred and twenty (120) days after the mailing of the Notice.

7.     Any Settlement Class Member may opt out of the Settlement Class in the manner and with the consequences described in the Settlement Agreement and Notice, providing that all such elections to opt out must be postmarked no later than forty-five (45) days after the mailing of the Notice.

8.     Any Settlement Class Member that wants to object to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such Settlement Class Member wishing to object shall only be heard if

the Settlement Class Member submits written notice of the objection, including the names of all witnesses and a copy of the factual basis and legal argument for such objection.  Such written objection and/or any petition to intervene must be filed with the Court and served on Settlement Class Counsel and Counsel for Direct General no later than forty-five (45) days after the mailing of the Notice.  Any Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.  No person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein.  Any Settlement Class Member who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Action.

9.      The Court authorizes the use and disclosure by Direct General and Settlement Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement.  However, the use of this information may be subject to the confidentiality provisions contained set forth in the Settlement Agreement or otherwise in effect in this Action.

10.      Direct General shall deliver the Settlement Payments no later than one hundred and eighty (180) days after entry of Final Judgment (barring any appeals), by a check or draft payable to each Class Member in the amount of the Maximum Claim Amount, and payable to and mailed to each Settlement Class Member who submits a timely and

properly executed Settlement Claim Form, except those Settlement Class Members who have elected to opt out of the Settlement.  If any appeal is taken from the Final Judgment, the Settlement Payments shall not be due until at least forty-five (45) days after the final resolution of any appeals.

### Fairness Hearing

11.     The Court schedules a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Rule 23 of the Federal Rules of Civil Procedure; (b) to determine whether Final Judgment should be entered; and (c) to determine whether the application of Plaintiff and Settlement Class Counsel for an incentive award and attorneys' fees and expenses should be granted.  The Fairness Hearing shall be scheduled for _____ (\[INSERT DATE AND TIME AND DURATION]).

12.     At least ten (10) days prior to the Fairness Hearing, the Settlement Administrator shall file with the Court a list of all Class Members that have timely and properly elected to opt out of the Settlement.

13.     On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene or objections to the Settlement that have been timely filed and to conduct such other proceedings as the Court may deem appropriate under the circumstances, including the entry of a Final Order and Judgment in this Action.

### Other Provisions

14.     Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

15.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be construed as, or be deemed to be evidence of, an admission or confession on the part of the representative plaintiff, counsel, any Settlement Class Members, Direct General, or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiff, or any member of the Settlement Class or any person has or has not suffered any damage.

16.     If this Settlement shall fail for any reason or if the Settlement Agreement is nullified, terminated or is not consummated for any reason, this Settlement, the Settlement Agreement, and all proceedings had in connection therewith shall not have further force and effect and will be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights and contentions of the parties to the Settlement Agreement before it was executed.  The parties shall in all respects be returned to their respective statuses immediately prior to the execution of the Settlement Agreement.

Signed this __ day of _____, 2015 at the Courthouse for the United States

District Court for the Middle District of Florida.

_____

HONORABLE CHARLENE E. HONEYWELL
UNITED STATES DISTRICT COURT JUDGE

Copies to:
Scott R. Jeeves, Esq.
Craig E. Rothburd, Esq.
Lorca J. Divale, Esq.
David M. Caldevilla, Esq.
Marcy Levine Aldrich, Esq.

# EXHIBIT 1

MRI ASSOCIATES OF ST. PETE, INC., d/b/a
SAINT PETE MRI,

        Plaintiff,

v.

DIRECT GENERAL INSURANCE COMPANY,

        Defendant.

_____/

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:12-cv-2408-CEH-AEP

CLASS REPRESENTATION

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**IF YOU PROVIDED MEDICAL SERVICES ON OR AFTER JANUARY 1, 2008, TO PERSONS INSURED BY DIRECT GENERAL UNDER FLORIDA NO-FAULT ("PIP") AUTO INSURANCE POLICIES, AND**

**IF YOUR PIP MEDICAL CHARGES SUBMITTED WERE PAID BY OR HAD A DEDUCTIBLE APPLIED BY DIRECT GENERAL IN AN AMOUNT LESS THAN EIGHTY PERCENT (80%) OF THE FULL AMOUNT CHARGED,**

# YOU COULD GET A PAYMENT
# FROM A PROPOSED CLASS ACTION SETTLEMENT.

- This Notice explains a proposed class action settlement that could entitle you to payments and may affect and release your rights.

- This settlement resolves a lawsuit over whether Direct General improperly calculated amounts that may be paid for medical services provided to persons insured under PIP coverage provided under certain Direct General auto insurance policies subject to the Florida Motor Vehicle No-Fault Law ("No-Fault Law").

- This Notice has been addressed to the person or entity identified as the health care provider in bills submitted to Direct General for medical services. The addressee is identified on the envelope by name. This Notice should be considered to apply to all persons or entities who have submitted bills to Direct General in connection with this name and/or Tax Identification Number ("TIN"), including the billing person or entity and their affiliates, successors, and assigns. Please handle and forward accordingly.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Submit a Settlement Claim Form | The only way to get a payment. |
| Exclude Yourself | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Direct General about the legal claims in this case. |
| Object | Write to the Court about what you do not like about the settlement. |
| Go to a Hearing | Ask to speak in Court about the fairness of the settlement. |
| Do Nothing | Get no payment. Give up rights and release legal claims. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# TABLE OF CONTENTS

**Page**

BASIC INFORMATION..............................................................................................................3
   Why did I get this Notice?............................................................................................3
   What is the Lawsuit about?...........................................................................................3
   Why is this a class action?............................................................................................3
   Why is there a settlement?............................................................................................3

WHO IS COVERED BY THE SETTLEMENT ......................................................................3
   How do I know if I am covered by the settlement?......................................................3

RELEASE OF YOUR RIGHTS ................................................................................................4

THE SETTLEMENT BENEFITS -- WHAT YOU GET ..........................................................4
   What does the settlement provide?...............................................................................4
   How much would my settlement payment be?.............................................................4
   Additional Terms Applicable to Calculation of Settlement Payment ..........................5

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM .......................................5
   How can I get a payment? ............................................................................................5
   When would I get my payment?....................................................................................5
   What if I don't agree with the amount of my Settlement Payment? .............................6

THE LAWYERS REPRESENTING YOU - CLASS COUNSEL..............................................6
   Do I have a lawyer in this case? ...................................................................................6
   How will the lawyers be paid? .....................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................................6
   How do I get out of the settlement?..............................................................................6
   If I exclude myself, can I get money from the settlement? ..........................................7
   If I don't exclude myself, may I sue for the same thing later? .....................................7

OBJECTING TO THE SETTLEMENT....................................................................................7
   How do I object to the settlement?...............................................................................7
   What is the difference between objecting and excluding? ............................................7

THE COURT'S FAIRNESS HEARING....................................................................................8
   When and where will the Court decide whether to approve the settlement?................8
   Do I have to come to the hearing?................................................................................8
   May I speak at the hearing?..........................................................................................8

WHAT HAPPENS IF I DO NOTHING AT ALL?....................................................................8

TAX CONSEQUENCES...........................................................................................................8

GETTING MORE INFORMATION .........................................................................................8

APPENDIX A – RELEASE .......................................................................................................9

## BASIC INFORMATION

| **Why did I get this Notice?** |
| --- |

You, or a health care provider that you have been affiliated with, may have submitted a bill or bills to Direct General for medical services provided on or after January 1, 2008, to persons insured under PIP coverage provided in a Florida automobile insurance policy issued by Direct General. Direct General's records indicate that those charges may have been paid or had a deductible applied in an amount less than eighty percent (80%) of the amount billed by you or a health care provider that you have been affiliated with by applying the "schedule of maximum charges" set forth in Fla. Stat. § 627.736(5)(a)2.a-f.

Alternatively, you may be counsel of record for a Settlement Class Member who has a lawsuit pending in Florida against Direct General involving a claim covered by this Action. If so, you should immediately advise your client concerning this Notice.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after any objections and appeals are resolved, any claims allowed by the settlement will be paid.

The Court in charge of the lawsuit and settlement is the United States District Court for the Middle District of Florida, and the case is known as *MRI Associates of St. Pete, Inc., d/b/a Saint Pete MRI v. Direct General Insurance Company*, Case No. 8-12-cv-2408-CEH-AEP (referred to in this Notice as the "Lawsuit"). The health care provider who sued - MRI Associates of St. Pete, Inc., d/b/a Saint Pete MRI ("MASPI") - is called the Plaintiff, and the company it sued – Direct General – is called the Defendant.

| **What is the Lawsuit about?** |
| --- |

The Lawsuit claims that Direct General improperly reduced medical charges submitted by health care providers who provided treatment to persons insured under PIP coverage issued by Direct General in Florida. More specifically, the Lawsuit claims that, under the existing policy language, Direct General improperly relied solely on the "schedule of maximum charges," set forth in Fla. Stat. § 627.736(5)(a)2.a-f, in calculating reimbursement of such medical services. Direct General contends that it complied with its obligation to reimburse reasonable medical expenses in conformance with the insurance policy and the No-Fault Law. The Court has made no ruling on the merits of the claims or defenses made in the Lawsuit.

As of January 1, 2008, Florida automobile insurance policies issued by Direct General were governed by the PIP provisions of the Personal Auto Policy Booklet (Form FL 002A). On or about May 28, 2010, Direct General began to issue new and renewal Policies with an amendatory endorsement revising certain provisions of the Policy Booklet, including the PIP provisions. (Amendatory Endorsement FL028A (04-10). Policies arising under the provisions of these two policy forms are referred to herein as the "Qualifying Policies." This settlement implicates only those bills that were submitted to Direct General in connection with claims under these Qualifying Policies.

The Court has approved this Lawsuit to proceed as a class action for settlement purposes only. If the settlement ultimately is not approved, the Court will have to decide whether this Lawsuit should be treated as a class action for the purpose of addressing the merits and trying the Lawsuit.

| **Why is this a class action?** |
| --- |

In a class action, one or more people called Class Representatives sue on behalf of people who they believe have similar claims. All of these people are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. In the Lawsuit, the "Class Representative" is the named Plaintiff, MASPI. This Lawsuit is being presided over by the Honorable Charlene E. Honeywell of the United States District Court for the Middle District of Florida (referred to in this Notice as the "Court").

| **Why is there a settlement?** |
| --- |

The Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they and the affected health care providers avoid the risk, delay, and expense of continuing the Lawsuit, and the Settlement Class Members, as described in this Notice, will be eligible to get compensation. The Class Representative and Class Counsel, as described in this Notice, think the settlement is best for all affected health care providers who will be Settlement Class Members as described in this Notice.

## WHO IS COVERED BY THE SETTLEMENT

| **How do I know if I am covered by the settlement?** |
| --- |

You are member of the "Settlement Class" covered by the settlement if you fall within the following class definition adopted by the Court:

The "Settlement Class" is comprised of persons:

(a)     Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

(b)     Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

(c)     Who holds assignment(s) of benefits from the insureds pertaining to such services;

(d)     Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

(e)     Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

A "Qualifying Policy" is defined above (and is one of the following Florida automobile insurance policy forms issued by Direct General: the Personal Auto Policy Booklet (Form FL 002A) or Amendatory Endorsement FL028A (04-10)). "Qualifying Medical Services" are medical services legally compensable under the personal injury protection provisions of these Qualifying Policies. Medical bills submitted by Settlement Class Members that meet the criteria set forth in the Settlement Class Definition are "Qualifying Bills."

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.

Members of the Settlement Class are referred to as "Class Members" or "Settlement Class Members." A search of Direct General's records identified you as potentially a member of the Settlement Class. If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class, you will be deemed to be a Settlement Class Member and a participant in the Settlement.

---

**RELEASE OF YOUR RIGHTS**

**IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ACCORDING TO THE STEPS IN THIS NOTICE, YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE DISMISSAL WITH PREJUDICE OF THE LAWSUIT, AND THE RELEASE SET FORTH AS APPENDIX A TO THIS NOTICE, WHETHER OR NOT YOU SUBMIT A CLAIM FORM. YOU SHOULD READ THE RELEASE VERY CAREFULLY BECAUSE IT WILL AFFECT YOUR RIGHTS IF YOU REMAIN IN THE SETTLEMENT CLASS.**

---

## THE SETTLEMENT BENEFITS -- WHAT YOU GET

---

**What does the settlement provide?**

---

Payments ("Settlement Payments") will be made to Settlement Class Members who submit qualifying Settlement Claim Forms as explained below.

---

**How much would my settlement payment be?**

---

Settlement Class Members who do not exclude themselves from the settlement and who submit a qualifying Settlement Claim Form will be eligible to receive a Settlement Payment, and the Maximum Claim Amount will be calculated as follows:

- Seventy five percent (75%) of the difference between: (i) Eighty percent (80%) of the amount of charges billed by the Settlement Class Member in connection with Qualifying Bills; and (ii) the amount previously paid by Direct General on Qualifying Bills. Such amounts shall be determined exclusively based on the information available in Direct General's own records.

Notwithstanding the foregoing, the Maximum Claim Amount shall not exceed the following:

a)     For services that would be covered by Fla. Stat. § 627.736(5)(a)2.f: five hundred percent (500%) of the allowable amount under the participating physicians fee schedule of Medicare Part B. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care reimbursed under Medicare Part B. If Qualifying

Medical Services are not reimbursable under Medicare, the Allowed Amount shall be limited to five hundred percent (500%) of the allowable amount under workers' compensation, as determined under Fla. Stat. § 440.13.

b)   For services that would be covered by Fla. Stat. § 627.736(5)(a)2.a.: five hundred percent (500%) of Medicare. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

c)   For services that would be covered by Fla. Stat. § 627.736(5)(a)2.d. and e.: five hundred percent (500%) of Medicare Part A. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

d)   For services that would be covered by Fla. Stat. § 627.736(5)(a)2.b. or c.: the Claim Amount without regard to the caps in subparagraphs (a)-(c) above.

e)   Where the Settlement Claim Form includes charges previously applied to a deductible, those charges will also be recalculated pursuant to the settlement, the Maximum Payment Amount shall also include additional amounts due based upon that recalculation (i.e., earlier satisfaction of the deductible).

---

### Additional Terms Applicable to Calculation of Settlement Payment

Coverage benefits remaining under the applicable Qualifying Policies as of the date the Settlement Claim Form is deemed submitted shall be applied in determining the amount of Settlement Payment. Settlement Payment shall not be reduced by exhaustion of benefits occurring after the date the Settlement Claim Form is deemed submitted. For the exclusive purpose of determining exhaustion of benefits, a Settlement Claim Form shall be deemed submitted based upon its postmark date, plus fifteen (15) days, except that any Settlement Claim Forms submitted prior to the Court's final approval of the settlement shall be deemed submitted as of the date the settlement becomes final, thereby authorizing claim amount payments as contemplated by the settlement terms. To the extent this provision may result in payment for extra-contractual coverage over the $10,000.00 PIP coverage limit, any such extra coverage will be limited to no more than $2,000.00 in additional total PIP benefits per Qualifying Policy.

No interest, costs, attorneys' fees or other extra-contractual payments shall be payable with respect to any Settlement Payment, and Settlement Class Members waive any claim to such interest, costs, attorneys' fees, or other extra-contractual payments.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### How can I get a payment?

To qualify for a Settlement Payment, you must send in a complete Settlement Claim Form. A Settlement Claim Form is attached to this Notice. If you have multiple settlement claims, you may use copies of the provided Settlement Claim Form. You may also request additional Settlement Claim Forms by contacting the Class Administrator as provided in the "Getting More Information" section of this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it by the deadline set forth below.

Your completed Settlement Claim Form(s) must be sent by First-Class Mail, postage prepaid, to the Class Administrator, at [insert address]. All Settlement Claim Forms must be postmarked no later than [insert date; one hundred twenty (120) days from the initial notice mailing date].

Notwithstanding the foregoing, to the extent, if any, that the Settlement Class Member previously sent Direct General a pre-suit demand letter that complied with the requirements of Section 627.736(10), Florida Statutes, the Settlement Class Member may, within the same time period described above, attach a copy of that demand letter to the Settlement Claim Form, which shall be deemed the equivalent of submitting copies of documents relating to your Settlement Claim Form submission

### When would I get my payment?

The Court will hold a Fairness Hearing, as described below in this Notice, to decide whether to approve the settlement. If the settlement is approved after that, there may be appeals. It is therefore uncertain when settlement approval will be final, allowing a Settlement Payment to be paid. Payments will be made no later than 180 days after entry of Final Judgment (barring any appeals), or in the event of any appeal, at least 45 days after final resolution of the appeal. Please be patient.

Settlement Class Members shall have the right to challenge Direct General's calculation of, or other determination as to the amount of Settlement Payment due, within thirty (30) days after the mailing of the Settlement Payment. Instructions for making such a challenge will be provided to Settlement Class Members in conjunction with a settlement claim payment or denial.

---

**What if I don't agree with the amount of my Settlement Payment?**

If you do not agree with the amount of your Settlement Payment, you will be provided an opportunity to have your Settlement Payment reviewed and re-determined by the Class Administrator, in consultation with Class Counsel and counsel for Direct General. If you are dissatisfied with the Class Administrator's determination, you may petition the Court to determine the amount of the Settlement Payment according to the terms of the settlement. Direct General retains this same right if it is dissatisfied with the Class Administrator's determination.

## THE LAWYERS REPRESENTING YOU - CLASS COUNSEL

---

**Do I have a lawyer in this case?**

The Court has appointed the following law firms to represent you and the other Class Members: Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation. These lawyers are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**How will the lawyers be paid?**

You will not be charged for the services of Class Counsel. As part of the consideration provided to you and the other Class Members, Direct General will pay Class Counsel's fees and expenses up to the amount approved by the Court.

Class Counsel will ask the Court to approve a total collective payment to their firms of attorneys' fees and costs up to $190,000.00. Class Counsel will also ask the Court to approve payment to MASPI of $2,500.00 for its services as Class Representative. Direct General has agreed not to oppose these requests. The fees and payments would pay Class Counsel and the Class Representative for investigating the facts and litigating the Lawsuit, as well as negotiating the settlement and monitoring your rights during approval and administration of the settlement. The Court may award less than the amount requested. In any event, the amounts paid to Class Counsel and the Class Representative shall not reduce or otherwise affect the amount of any Class Member's Settlement Payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Settlement Payment from this settlement, but you want to keep the right to sue Direct General, on your own, about the legal issues released and dismissed by this settlement, then you must take steps to get out of the Lawsuit. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

---

**How do I get out of the settlement?**

To exclude yourself from the Settlement Class, you must make your request in writing. Your Opt-Out exclusion request must contain the following: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP," (b) the Settlement Class Member's full legal name and any aliases; (c) the Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security Number (if a person); (d) the Settlement Class Member's address, (e) an expression of the Settlement Class Member's desire to opt out or be excluded from the Settlement Class; and (f) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory. Direct General shall be entitled to rely on the provided TIN or Social Security Number to determine whether a person or entity has been excluded from the Settlement Class.

A separate Opt-Out exclusion request must be submitted by each person or entity requesting exclusion from the settlement. Settlement Class Members may not opt out specific claims or bills submitted for payment while still participating for other claims or bills. Settlement Class Members must either submit a single opt out for any and all Qualifying Bills or submit its claims form(s) as required herein.

If the Opt-Out exclusion request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third party signor (*e.g.*, attorney, billing agent, or other third party) must include the following attestation on the Opt-Out exclusion request: "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out exclusion request is submitted, has been provided a copy of and an opportunity to read the Class Notice and thereafter specifically requested to be excluded from this Settlement Class."

**Your written Opt-Out exclusion request must be sent by First-Class Mail, postage prepaid, and postmarked no later than [date] and must be addressed to the Class Administrator at: [address].**

Within fifteen (15) business days of the postmark date on the Opt-Out exclusion request, Direct General may object that a timely submitted Opt-Out exclusion request fails to conform with the requirements approved by the Court, and therefore is invalid.

Direct General's objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt-Out exclusion request. An Opt-Out exclusion request that has been objected to by Direct General shall not be deemed valid or effective unless: (a) the objection is cured by the Settlement Class Member within ten (10) business days of receiving the objection, (b) resolved among the interested parties, or (c) adjudicated by the Court at the Fairness Hearing or another duly set hearing. Untimely Opt-Out exclusion requests shall be invalid unless and until expressly accepted as valid by Direct General or the Court.

**If you do not comply with these procedures within the deadline for requesting exclusion set forth above, you will lose any opportunity to exclude yourself from the Settlement Class and your rights will be determined by the Settlement Agreement and the Court's orders.**

| If I exclude myself, can I get money from the settlement? |
| --- |

No. If you ask to be excluded, you will not be eligible for any Settlement Payment, and you cannot object to the settlement. You will not be legally bound by the settlement or anything that happens in this Lawsuit.

| If I don't exclude myself, may I sue for the same thing later? |
| --- |

No. If you do not exclude yourself, you will give up the right to bring or continue claims or lawsuits resolved by this settlement. If you have a pending lawsuit against Direct General, you should speak to your lawyer in that case immediately about this Notice.

## OBJECTING TO THE SETTLEMENT

| How do I object to the settlement? |
| --- |

You may remain a member of the Settlement Class and object to the settlement. If you do not exclude yourself from the Settlement Class, you may object to any aspect of the proposed settlement, including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representative or by Class Counsel, the request of Class Counsel for fees and expenses or the payments to the Class Representative.

To object, you must submit a writing containing the following: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP;" (b) the name and address of the objector; (c) the objector's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a person); (d) a statement of each objection being made; (e) a statement indicating whether the objector intends to appear at the Fairness Hearing; (f) a list of witnesses whom the objector may call by live testimony and copies of any documents or papers that the objector plans to submit; and (g) if available, the Direct General policy and/or claim number(s) effected by the settlement. Any Settlement Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.

**Written objections must be filed with the Court and served upon Class Counsel and Direct General's counsel at the three addresses set forth below postmarked no later than [date].**

| Address For Filing With Court | Class Counsel | Counsel for Direct General |
| --- | --- | --- |
| Clerk of the U.S. District Court | Scott Jeeves, Esquire | Marcy Levine Aldrich, Esquire |
| Sam M. Gibbons U.S. Courthouse | Jeeves Law Group P.A. | Akerman LLP |
| 801 North Florida Ave. | 954 First Avenue North | One SE Third Avenue, 25th Floor |
| Tampa, Florida 33602 | St. Petersburg, FL 33705 | Miami, FL  33131 |

**If you do not comply with these procedures, including the deadline for submitting written objections, you will lose any opportunity to have your objection considered by the Court at the Fairness Hearing or to otherwise contest the approval of the proposed settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement.**

| What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class, and you will be bound as a Class Member if the Court approves the settlement despite any objections. Excluding yourself from the Settlement Class means that the settlement no longer applies to you, so you cannot receive a Settlement Payment or object to the settlement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing (the "Fairness Hearing") to decide whether to finally approve the settlement. You may attend, but you do not have to attend.

| When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold the Fairness Hearing at [time] on [Date], at the Sam M. Gibbons U.S. Courthouse, Room _____, Tampa, FL 33602. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Persons who have followed the procedures described in this Notice may appear and be heard by the Court. The Court may also decide how much to award Class Counsel and the Class Representative. After the hearing, the Court will decide whether to approve the settlement. It is not known how long these decisions will take.

| Do I have to come to the hearing? |
| --- |

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you sent a timely and proper objection, the Court will consider it whether or not you attend the hearing. You may also pay your own lawyer to attend or appear for you in the case, but it is not necessary.

| May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing if you have timely and properly submitted an objection to the settlement. To request permission to speak, you must notify the Court and parties by filing and serving a written Notice of Intent to Appear. The writing must contain: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP;" and "Notice of Intent to Appear;" (b) the Settlement Class Member's full legal name and any aliases; (c) the Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security Number (if a person), address, and telephone number; (d) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory; and (e) if counsel will appear on the Settlement Class Member's behalf, the counsel's full name, address, telephone number and bar number.

**Your Notice of Intent to Appear must be filed with the Court and mailed to Class Counsel and Direct General's counsel at the three addresses set forth above in this Notice for objecting to the settlement and postmarked no later than [date].**

If you do not comply with these procedures, including the deadline for submitting a Notice of Intent to Appear, you will not be permitted to appear at the Fairness Hearing, except for good cause shown. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement Class.

## WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will get no money from the settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties concerning the Released Claims as set forth in the Release attached to this Notice as Appendix A, ever again.

## TAX CONSEQUENCES

The Settlement Relief described above could have tax consequences for you. Those tax consequences may vary, depending upon your individual circumstances. You should consult your own tax advisor regarding any tax consequences of the settlement, including any payments or benefits provided under the settlement, and any tax reporting obligations you may have with respect thereto. The parties make no representations, and assume no responsibility, with respect to any tax consequences that may occur.

## GETTING MORE INFORMATION

This Notice is intended to provide a reasonable summary of the proposed settlement. More details are in the Settlement Agreement, which is on file and may be reviewed at the Court. You can request a copy of the Settlement Agreement by contacting the Class Administrator at [address], [telephone] and [email]. To the extent, if any, that the terms of this Notice and the Settlement Agreement are inconsistent, the terms of the Settlement Agreement shall control.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR DIRECT GENERAL FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT. ALL INQUIRIES SHOULD BE DIRECTED TO THE CLASS ADMINISTRATOR AS INDICATED ABOVE OR TO CLASS COUNSEL.**

                              HONORABLE CHARLENE E. HONEYWELL
                              UNITED STATES DISTRICT JUDGE

APPENDIX A

**RELEASE**

Except where otherwise indicated, all capitalized terms in this Release shall have the meaning set forth in the Settlement Agreement in this Action.

The Plaintiff and all other Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class, hereby expressly acknowledge and agree, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, that they release and discharge the Released Parties of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

"Released Parties" means Direct General Insurance Company, and any person or entity covered or insured by Direct General, and any third party that provided medical bill review or audit services to Direct General, and each of their respective present and former officers, directors, employees, insurers, insureds, attorneys, assigns, and/or anyone acting or purporting to act for them or on their behalf.

"Released Claims" means any and all claims, actions, demands, lawsuits, rights, liabilities, declarations, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including without limitation contractual or extra-contractual claims or damages (inclusive of statutory and common law bad faith claims), claims or damages at law or in equity, or penalties and punitive claims or damages of any kind or description which now exist or heretofore existed, by or on behalf of any Settlement Class Member against the Released Parties, including without limitation those which have been or could have been asserted in the Lawsuit, arising out of or relating to any Qualifying Bill covered by this Settlement, concerning Direct General's calculation or payment of amounts based on the fee schedules contained in Fla. Stat. § 627.736(5)(a)2a-f, including the application of deductibles or other similar amounts, that may be paid or owed for Qualifying Medical Services during the Class Period under a Qualifying Policy.

Front of Notice mailing:

---

Class Administrator
[address 1]
[address 2]

**Legal Notice of Proposed Class Action Settlement and Fairness Hearing**
Concerning Calculation of Charges and Payments for Medical Services
Provided to Insureds of Direct General

                               Jane Q. Class Member
                               123 Anywhere Street
                               Anytown, FL 32XXX

---

# EXHIBIT 2

## SETTLEMENT CLAIM FORM

**DEADLINE FOR SUBMISSION**

Your completed Settlement Claim Form(s) must be sent by First-Class Mail, postage prepaid, addressed to: Class Administrator, [insert address]. All Settlement Claim Forms must be postmarked no later than [insert date; one hundred twenty (120) days from the initial notice mailing date].

**INSTRUCTIONS**

To be eligible to receive Settlement Relief, you must complete and timely submit this Settlement Claim Form providing the information requested below and on the reverse side of this page, signing in the space provided, and submitting copies of available documents relating to your Settlement Claim Form submission (including the assignment of benefits, CMS 1500 or other billing forms and/or explanations of benefits ("EOBs"); treatment records are not required). Notwithstanding the foregoing, to the extent, if any, that the Settlement Class Member previously sent Direct General a pre-suit demand letter that complied with the requirements of Section 627.736(10), Florida Statutes, the Settlement Class Member may, within the same time period described above, attach a copy of that demand letter to the Settlement Claim Form, which shall be deemed the equivalent of submitting copies of documents relating to your Settlement Claim Form submission. The Class Notice describes the settlement and the available Settlement Relief, and all capitalized terms therein have the same meaning in this Settlement Claim Form. If Settlement Relief is sought with respect to multiple bills or charges for services rendered to a particular patient under an insurance claim, all such bills or charges incurred as of the date of submission of this Settlement Claim Form must be included on this Settlement Claim Form. You may use photocopies of the Settlement Claim Form to submit additional settlement claims. An incomplete or inaccurate Settlement Claim Form may cause your settlement claim to be returned with a request for additional information, or otherwise delayed, or denied.

**YOU ARE REQUIRED TO PROVIDE THE INFORMATION BELOW AND ON THE REVERSE SIDE OF THIS PAGE, AND TO SIGN AND DATE THIS SETTLEMENT CLAIM FORM.**

If you submit a Settlement Claim Form that is incomplete or inaccurate, it may be rejected, and you may be precluded from obtaining a Settlement Relief payment. Please do not mail or deliver this Form to the Court or to any of the Parties or their Counsel. In addition, do not telephone the Judge or Clerk of the Court, your insurance agent, or any representatives of Direct General Insurance Company.

**PLEASE TYPE OR PRINT LEGIBLY.**

**PART I: CLAIMANT INFORMATION**

Name of Person/Entity Making Claim (If entity, state legal name and any names under which business is done):

_____

If Claimant is an Entity, Name and Title of Person filing claim on behalf of the Entity:

_____

Claimant Social Security or Tax Identification Number (Last 4 digits): _____

Claimant Street Address: _____

City: _____        State: _____        Zip Code:_____

Claimant Telephone Contact Number(s):

Daytime:  (_____) _____ - _____        Evening: (_____) _____ - _____

Name of Patient/Insured:_____

Insurance Claim Number (or insured's policy number): _____

Date of Loss: _____

**PART II: CERTIFICATION**

**BY EXECUTING THIS SETTLEMENT CLAIM FORM, YOU ARE VERIFYING THE FOLLOWING FACTS UNDER PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF FLORIDA AND THE UNITED STATES OF AMERICA:**

- The undersigned has reviewed the Notice of Proposed Class Action Settlement and Fairness Hearing and reasonably believes that he or she, or the person or entity on whose behalf he or she is acting as an authorized representative, is a Settlement Class Member entitled to relief under the proposed settlement.

- The Settlement Class Member holds the legal right to receive PIP or other No-Fault benefits under the subject insurance claim, and the Settlement Class Member has not assigned its rights to assert this claim to any other person or entity.

- No rights or claims asserted by the Settlement Claim Form have been otherwise resolved, discharged, settled, or released.

- No payments have been made by or on behalf of the insured patient for the difference between the Billed Charge and the amount paid by Direct General.

- Included with this Settlement Claim Form are the Settlement Class Member's demand letter(s), and/or other documents relating to the Settlement Claim Form submission pertaining to each service for which the Settlement Class Member is seeking Settlement Relief (including CMS 1500 or other billing forms and/or explanations of benefits; treatment records are not required).

- The Settlement Class Member agrees to reasonably cooperate in verifying and quantifying any amounts due under the settlement.

- The information supplied by you in this Settlement Claim Form is true and accurate and executed under penalty of perjury.

Any Settlement Class Members who verifies under oath that they possess assignments of benefits also agrees to reimburse funds received as part of this Settlement to Direct General if an insured successfully claims for the same benefits. The reimbursement is limited to the amount the Class Member receives as part of the Settlement for the specific claim subsequently asserted by the insured. Any Settlement Class Member must also reimburse Direct General any settlement payment if it later turns out such Settlement Class Member has already been paid and/or released the particular claim against Direct General with such reimbursement limited to the actual amount(s) the Class Member received for the particular claim(s) as part of this Settlement.

**Direct General may investigate the validity of any and all Settlement Claim Forms.**


_____
Signature

_____
Print Name

_____
Print Title (if applicable)

Dated: _____

**PART III: BILL INFORMATION**

With respect to each bill or charge for which Settlement Relief is sought for the patient/insured identified on Page 1 of this Settlement Claim Form, please provide the bill or invoice number; date of service; CPT code/modifier; and, if not set forth in the submitted documents, the Billed Charge and Allowed Amount.

Please do not submit charges for multiple patients/insureds with this Settlement Claim Form, even if the charges arise from the same accident or insurance claim. Separate Settlement Claim Forms must be submitted for each patient/insured. Should you run out of space on the chart below, you may use photocopies of the chart to submit information relating to additional bills or charges. If Settlement Relief is sought with respect to multiple bills or charges for services rendered to a particular patient under an insurance claim, all such bills or charges incurred as of the date of submission of this Settlement Claim Form must be included on this Settlement Claim Form. You may submit a supplemental Settlement Claim Form for subsequently incurred charges.

| Bill/Invoice Number (from EOB) | Date of Service | CPT Code/Modifier | Billed Charge | Allowed Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# EXHIBIT B

MRI ASSOCIATES OF ST. PETE, INC., d/b/a
SAINT PETE MRI,

          Plaintiff,

v.

DIRECT GENERAL INSURANCE COMPANY,

          Defendant.
_____/

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:12-cv-2408-CEH-AEP

CLASS REPRESENTATION

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**IF YOU PROVIDED MEDICAL SERVICES ON OR AFTER JANUARY 1, 2008, TO PERSONS INSURED BY DIRECT GENERAL UNDER FLORIDA NO-FAULT ("PIP") AUTO INSURANCE POLICIES, AND**

**IF YOUR PIP MEDICAL CHARGES SUBMITTED WERE PAID BY OR HAD A DEDUCTIBLE APPLIED BY DIRECT GENERAL IN AN AMOUNT LESS THAN EIGHTY PERCENT (80%) OF THE FULL AMOUNT CHARGED,**

# YOU COULD GET A PAYMENT
# FROM A PROPOSED CLASS ACTION SETTLEMENT.

- This Notice explains a proposed class action settlement that could entitle you to payments and may affect and release your rights.

- This settlement resolves a lawsuit over whether Direct General improperly calculated amounts that may be paid for medical services provided to persons insured under PIP coverage provided under certain Direct General auto insurance policies subject to the Florida Motor Vehicle No-Fault Law ("No-Fault Law").

- This Notice has been addressed to the person or entity identified as the health care provider in bills submitted to Direct General for medical services. The addressee is identified on the envelope by name. This Notice should be considered to apply to all persons or entities who have submitted bills to Direct General in connection with this name and/or Tax Identification Number ("TIN"), including the billing person or entity and their affiliates, successors, and assigns. Please handle and forward accordingly.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Submit a Settlement Claim Form | The only way to get a payment. |
| Exclude Yourself | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Direct General about the legal claims in this case. |
| Object | Write to the Court about what you do not like about the settlement. |
| Go to a Hearing | Ask to speak in Court about the fairness of the settlement. |
| Do Nothing | Get no payment. Give up rights and release legal claims. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# TABLE OF CONTENTS

**Page**

BASIC INFORMATION........................................................................................................3
  Why did I get this Notice?................................................................................................3
  What is the Lawsuit about?..............................................................................................3
  Why is this a class action?...............................................................................................3
  Why is there a settlement?...............................................................................................3

WHO IS COVERED BY THE SETTLEMENT ....................................................................3
  How do I know if I am covered by the settlement?........................................................3

RELEASE OF YOUR RIGHTS ............................................................................................4

THE SETTLEMENT BENEFITS -- WHAT YOU GET .......................................................4
  What does the settlement provide?..................................................................................4
  How much would my settlement payment be?................................................................4
  Additional Terms Applicable to Calculation of Settlement Payment ...........................5

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM .......................................5
  How can I get a payment? ...............................................................................................5
  When would I get my payment?.......................................................................................5
  What if I don't agree with the amount of my Settlement Payment? ...............................6

THE LAWYERS REPRESENTING YOU - CLASS COUNSEL ..........................................6
  Do I have a lawyer in this case?......................................................................................6
  How will the lawyers be paid? ........................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................6
  How do I get out of the settlement?.................................................................................6
  If I exclude myself, can I get money from the settlement? ............................................7
  If I don't exclude myself, may I sue for the same thing later? ......................................7

OBJECTING TO THE SETTLEMENT.................................................................................7
  How do I object to the settlement?..................................................................................7
  What is the difference between objecting and excluding? .............................................7

THE COURT'S FAIRNESS HEARING.................................................................................8
  When and where will the Court decide whether to approve the settlement?...................8
  Do I have to come to the hearing?...................................................................................8
  May I speak at the hearing?.............................................................................................8

WHAT HAPPENS IF I DO NOTHING AT ALL?..................................................................8

TAX CONSEQUENCES.......................................................................................................8

GETTING MORE INFORMATION .....................................................................................8

APPENDIX A – RELEASE ...................................................................................................9

# BASIC INFORMATION

| **Why did I get this Notice?** |
| --- |

You, or a health care provider that you have been affiliated with, may have submitted a bill or bills to Direct General for medical services provided on or after January 1, 2008, to persons insured under PIP coverage provided in a Florida automobile insurance policy issued by Direct General.  Direct General's records indicate that those charges may have been paid or had a deductible applied in an amount less than eighty percent (80%) of the amount billed by you or a health care provider that you have been affiliated with by applying the "schedule of maximum charges" set forth in Fla. Stat.  § 627.736(5)(a)2.a-f.

Alternatively, you may be counsel of record for a Settlement Class Member who has a lawsuit pending in Florida against Direct General involving a claim covered by this Action.  If so, you should immediately advise your client concerning this Notice.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and after any objections and appeals are resolved, any claims allowed by the settlement will be paid.

The Court in charge of the lawsuit and settlement is the United States District Court for the Middle District of Florida, and the case is known as *MRI Associates of St. Pete, Inc., d/b/a Saint Pete MRI v. Direct General Insurance Company,* Case No. 8-12-cv-2408-CEH-AEP (referred to in this Notice as the "Lawsuit").  The health care provider who sued - MRI Associates of St. Pete, Inc., d/b/a Saint Pete MRI ("MASPI") - is called the Plaintiff, and the company it sued – Direct General – is called the Defendant.

| **What is the Lawsuit about?** |
| --- |

The Lawsuit claims that Direct General improperly reduced medical charges submitted by health care providers who provided treatment to persons insured under PIP coverage issued by Direct General in Florida.  More specifically, the Lawsuit claims that, under the existing policy language, Direct General improperly relied solely on the "schedule of maximum charges," set forth in Fla. Stat. § 627.736(5)(a)2.a-f, in calculating reimbursement of such medical services.  Direct General contends that it complied with its obligation to reimburse reasonable medical expenses in conformance with the insurance policy and the No-Fault Law.  The Court has made no ruling on the merits of the claims or defenses made in the Lawsuit.

As of January 1, 2008, Florida automobile insurance policies issued by Direct General were governed by the PIP provisions of the Personal Auto Policy Booklet (Form FL 002A).  On or about May 28, 2010, Direct General began to issue new and renewal Policies with an amendatory endorsement revising certain provisions of the Policy Booklet, including the PIP provisions. (Amendatory Endorsement FL028A (04-10).  Policies arising under the provisions of these two policy forms are referred to herein as the "Qualifying Policies."  This settlement implicates only those bills that were submitted to Direct General in connection with claims under these Qualifying Policies.

The Court has approved this Lawsuit to proceed as a class action for settlement purposes only.  If the settlement ultimately is not approved, the Court will have to decide whether this Lawsuit should be treated as a class action for the purpose of addressing the merits and trying the Lawsuit.

| **Why is this a class action?** |
| --- |

In a class action, one or more people called Class Representatives sue on behalf of people who they believe have similar claims.  All of these people are a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.  In the Lawsuit, the "Class Representative" is the named Plaintiff, MASPI.  This Lawsuit is being presided over by the Honorable Charlene E. Honeywell of the United States District Court for the Middle District of Florida (referred to in this Notice as the "Court").

| **Why is there a settlement?** |
| --- |

The Court has not decided in favor of Plaintiff or Defendant.  Instead, both sides agreed to a settlement.  That way, they and the affected health care providers avoid the risk, delay, and expense of continuing the Lawsuit, and the Settlement Class Members, as described in this Notice, will be eligible to get compensation.  The Class Representative and Class Counsel, as described in this Notice, think the settlement is best for all affected health care providers who will be Settlement Class Members as described in this Notice.

# WHO IS COVERED BY THE SETTLEMENT

| **How do I know if I am covered by the settlement?** |
| --- |

You are member of the "Settlement Class" covered by the settlement if you fall within the following class definition adopted by the Court:

The "Settlement Class" is comprised of persons:

(a) Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

(b) Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

(c) Who holds assignment(s) of benefits from the insureds pertaining to such services;

(d) Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

(e) Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

A "Qualifying Policy" is defined above (and is one of the following Florida automobile insurance policy forms issued by Direct General: the Personal Auto Policy Booklet (Form FL 002A) or Amendatory Endorsement FL028A (04-10)). "Qualifying Medical Services" are medical services legally compensable under the personal injury protection provisions of these Qualifying Policies. Medical bills submitted by Settlement Class Members that meet the criteria set forth in the Settlement Class Definition are "Qualifying Bills."

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.

Members of the Settlement Class are referred to as "Class Members" or "Settlement Class Members." A search of Direct General's records identified you as potentially a member of the Settlement Class. If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class, you will be deemed to be a Settlement Class Member and a participant in the Settlement.

---

**RELEASE OF YOUR RIGHTS**

**IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ACCORDING TO THE STEPS IN THIS NOTICE, YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE DISMISSAL WITH PREJUDICE OF THE LAWSUIT, AND THE RELEASE SET FORTH AS APPENDIX A TO THIS NOTICE, WHETHER OR NOT YOU SUBMIT A CLAIM FORM. YOU SHOULD READ THE RELEASE VERY CAREFULLY BECAUSE IT WILL AFFECT YOUR RIGHTS IF YOU REMAIN IN THE SETTLEMENT CLASS.**

---

## THE SETTLEMENT BENEFITS -- WHAT YOU GET

**What does the settlement provide?**

Payments ("Settlement Payments") will be made to Settlement Class Members who submit qualifying Settlement Claim Forms as explained below.

**How much would my settlement payment be?**

Settlement Class Members who do not exclude themselves from the settlement and who submit a qualifying Settlement Claim Form will be eligible to receive a Settlement Payment, and the Maximum Claim Amount will be calculated as follows:

- Seventy five percent (75%) of the difference between: (i) Eighty percent (80%) of the amount of charges billed by the Settlement Class Member in connection with Qualifying Bills; and (ii) the amount previously paid by Direct General on Qualifying Bills. Such amounts shall be determined exclusively based on the information available in Direct General's own records.

Notwithstanding the foregoing, the Maximum Claim Amount shall not exceed the following:

a) For services that would be covered by Fla. Stat. § 627.736(5)(a)2.f: five hundred percent (500%) of the allowable amount under the participating physicians fee schedule of Medicare Part B. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care reimbursed under Medicare Part B. If Qualifying

Medical Services are not reimbursable under Medicare, the Allowed Amount shall be limited to five hundred percent (500%) of the allowable amount under workers' compensation, as determined under Fla. Stat. § 440.13.

b) For services that would be covered by Fla. Stat. § 627.736(5)(a)2.a.: five hundred percent (500%) of Medicare. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

c) For services that would be covered by Fla. Stat. § 627.736(5)(a)2.d. and e.: five hundred percent (500%) of Medicare Part A. The greater of the fee schedule amount for 2007 or the date of service will be applied for services or care.

d) For services that would be covered by Fla. Stat. § 627.736(5)(a)2.b. or c.: the Claim Amount without regard to the caps in subparagraphs (a)-(c) above.

e) Where the Settlement Claim Form includes charges previously applied to a deductible, those charges will also be recalculated pursuant to the settlement, the Maximum Payment Amount shall also include additional amounts due based upon that recalculation (i.e., earlier satisfaction of the deductible).

## Additional Terms Applicable to Calculation of Settlement Payment

Coverage benefits remaining under the applicable Qualifying Policies as of the date the Settlement Claim Form is deemed submitted shall be applied in determining the amount of Settlement Payment. Settlement Payment shall not be reduced by exhaustion of benefits occurring after the date the Settlement Claim Form is deemed submitted. For the exclusive purpose of determining exhaustion of benefits, a Settlement Claim Form shall be deemed submitted based upon its postmark date, plus fifteen (15) days, except that any Settlement Claim Forms submitted prior to the Court's final approval of the settlement shall be deemed submitted as of the date the settlement becomes final, thereby authorizing claim amount payments as contemplated by the settlement terms. To the extent this provision may result in payment for extra-contractual coverage over the $10,000.00 PIP coverage limit, any such extra coverage will be limited to no more than $2,000.00 in additional total PIP benefits per Qualifying Policy.

No interest, costs, attorneys' fees or other extra-contractual payments shall be payable with respect to any Settlement Payment, and Settlement Class Members waive any claim to such interest, costs, attorneys' fees, or other extra-contractual payments.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

## How can I get a payment?

To qualify for a Settlement Payment, you must send in a complete Settlement Claim Form. A Settlement Claim Form is attached to this Notice. If you have multiple settlement claims, you may use copies of the provided Settlement Claim Form. You may also request additional Settlement Claim Forms by contacting the Class Administrator as provided in the "Getting More Information" section of this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it by the deadline set forth below.

Your completed Settlement Claim Form(s) must be sent by First-Class Mail, postage prepaid, to the Class Administrator, at [insert address]. All Settlement Claim Forms must be postmarked no later than [insert date; one hundred twenty (120) days from the initial notice mailing date].

Notwithstanding the foregoing, to the extent, if any, that the Settlement Class Member previously sent Direct General a pre-suit demand letter that complied with the requirements of Section 627.736(10), Florida Statutes, the Settlement Class Member may, within the same time period described above, attach a copy of that demand letter to the Settlement Claim Form, which shall be deemed the equivalent of submitting copies of documents relating to your Settlement Claim Form submission

## When would I get my payment?

The Court will hold a Fairness Hearing, as described below in this Notice, to decide whether to approve the settlement. If the settlement is approved after that, there may be appeals. It is therefore uncertain when settlement approval will be final, allowing a Settlement Payment to be paid. Payments will be made no later than 180 days after entry of Final Judgment (barring any appeals), or in the event of any appeal, at least 45 days after final resolution of the appeal. Please be patient.

Settlement Class Members shall have the right to challenge Direct General's calculation of, or other determination as to the amount of Settlement Payment due, within thirty (30) days after the mailing of the Settlement Payment. Instructions for making such a challenge will be provided to Settlement Class Members in conjunction with a settlement claim payment or denial.

### What if I don't agree with the amount of my Settlement Payment?

If you do not agree with the amount of your Settlement Payment, you will be provided an opportunity to have your Settlement Payment reviewed and re-determined by the Class Administrator, in consultation with Class Counsel and counsel for Direct General. If you are dissatisfied with the Class Administrator's determination, you may petition the Court to determine the amount of the Settlement Payment according to the terms of the settlement. Direct General retains this same right if it is dissatisfied with the Class Administrator's determination.

## THE LAWYERS REPRESENTING YOU - CLASS COUNSEL

### Do I have a lawyer in this case?

The Court has appointed the following law firms to represent you and the other Class Members: Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation. These lawyers are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How will the lawyers be paid?

You will not be charged for the services of Class Counsel. As part of the consideration provided to you and the other Class Members, Direct General will pay Class Counsel's fees and expenses up to the amount approved by the Court.

Class Counsel will ask the Court to approve a total collective payment to their firms of attorneys' fees and costs up to $190,000.00. Class Counsel will also ask the Court to approve payment to MASPI of $2,500.00 for its services as Class Representative. Direct General has agreed not to oppose these requests. The fees and payments would pay Class Counsel and the Class Representative for investigating the facts and litigating the Lawsuit, as well as negotiating the settlement and monitoring your rights during approval and administration of the settlement. The Court may award less than the amount requested. In any event, the amounts paid to Class Counsel and the Class Representative shall not reduce or otherwise affect the amount of any Class Member's Settlement Payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Settlement Payment from this settlement, but you want to keep the right to sue Direct General, on your own, about the legal issues released and dismissed by this settlement, then you must take steps to get out of the Lawsuit. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

### How do I get out of the settlement?

To exclude yourself from the Settlement Class, you must make your request in writing. Your Opt-Out exclusion request must contain the following: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP," (b) the Settlement Class Member's full legal name and any aliases; (c) the Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security Number (if a person); (d) the Settlement Class Member's address, (e) an expression of the Settlement Class Member's desire to opt out or be excluded from the Settlement Class; and (f) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory. Direct General shall be entitled to rely on the provided TIN or Social Security Number to determine whether a person or entity has been excluded from the Settlement Class.

A separate Opt-Out exclusion request must be submitted by each person or entity requesting exclusion from the settlement. Settlement Class Members may not opt out specific claims or bills submitted for payment while still participating for other claims or bills. Settlement Class Members must either submit a single opt out for any and all Qualifying Bills or submit its claims form(s) as required herein.

If the Opt-Out exclusion request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third party signor (*e.g.*, attorney, billing agent, or other third party) must include the following attestation on the Opt-Out exclusion request: "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out exclusion request is submitted, has been provided a copy of and an opportunity to read the Class Notice and thereafter specifically requested to be excluded from this Settlement Class."

**Your written Opt-Out exclusion request must be sent by First-Class Mail, postage prepaid, and postmarked no later than [date] and must be addressed to the Class Administrator at: [address].**

Within fifteen (15) business days of the postmark date on the Opt-Out exclusion request, Direct General may object that a timely submitted Opt-Out exclusion request fails to conform with the requirements approved by the Court, and therefore is invalid.

Direct General's objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt-Out exclusion request. An Opt-Out exclusion request that has been objected to by Direct General shall not be deemed valid or effective unless: (a) the objection is cured by the Settlement Class Member within ten (10) business days of receiving the objection, (b) resolved among the interested parties, or (c) adjudicated by the Court at the Fairness Hearing or another duly set hearing. Untimely Opt-Out exclusion requests shall be invalid unless and until expressly accepted as valid by Direct General or the Court.

**If you do not comply with these procedures within the deadline for requesting exclusion set forth above, you will lose any opportunity to exclude yourself from the Settlement Class and your rights will be determined by the Settlement Agreement and the Court's orders.**

---

| **If I exclude myself, can I get money from the settlement?** |
| --- |

No. If you ask to be excluded, you will not be eligible for any Settlement Payment, and you cannot object to the settlement. You will not be legally bound by the settlement or anything that happens in this Lawsuit.

| **If I don't exclude myself, may I sue for the same thing later?** |
| --- |

No. If you do not exclude yourself, you will give up the right to bring or continue claims or lawsuits resolved by this settlement. If you have a pending lawsuit against Direct General, you should speak to your lawyer in that case immediately about this Notice.

## OBJECTING TO THE SETTLEMENT

| **How do I object to the settlement?** |
| --- |

You may remain a member of the Settlement Class and object to the settlement. If you do not exclude yourself from the Settlement Class, you may object to any aspect of the proposed settlement, including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representative or by Class Counsel, the request of Class Counsel for fees and expenses or the payments to the Class Representative.

To object, you must submit a writing containing the following: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP;" (b) the name and address of the objector; (c) the objector's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a person); (d) a statement of each objection being made; (e) a statement indicating whether the objector intends to appear at the Fairness Hearing; (f) a list of witnesses whom the objector may call by live testimony and copies of any documents or papers that the objector plans to submit; and (g) if available, the Direct General policy and/or claim number(s) effected by the settlement. Any Settlement Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.

**Written objections must be filed with the Court and served upon Class Counsel and Direct General's counsel at the three addresses set forth below postmarked no later than [date].**

| Address For Filing With Court | Class Counsel | Counsel for Direct General |
| --- | --- | --- |
| Clerk of the U.S. District Court | Scott Jeeves, Esquire | Marcy Levine Aldrich, Esquire |
| Sam M. Gibbons U.S. Courthouse | Jeeves Law Group P.A. | Akerman LLP |
| 801 North Florida Ave. | 954 First Avenue North | One SE Third Avenue, 25th Floor |
| Tampa, Florida 33602 | St. Petersburg, FL 33705 | Miami, FL  33131 |

**If you do not comply with these procedures, including the deadline for submitting written objections, you will lose any opportunity to have your objection considered by the Court at the Fairness Hearing or to otherwise contest the approval of the proposed settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement.**

| **What is the difference between objecting and excluding?** |
| --- |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class, and you will be bound as a Class Member if the Court approves the settlement despite any objections. Excluding yourself from the Settlement Class means that the settlement no longer applies to you, so you cannot receive a Settlement Payment or object to the settlement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing (the "Fairness Hearing") to decide whether to finally approve the settlement. You may attend, but you do not have to attend.

### When and where will the Court decide whether to approve the settlement?

The Court will hold the Fairness Hearing at [time] on [Date], at the Sam M. Gibbons U.S. Courthouse, Room _____, Tampa, FL 33602. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Persons who have followed the procedures described in this Notice may appear and be heard by the Court. The Court may also decide how much to award Class Counsel and the Class Representative. After the hearing, the Court will decide whether to approve the settlement. It is not known how long these decisions will take.

### Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you sent a timely and proper objection, the Court will consider it whether or not you attend the hearing. You may also pay your own lawyer to attend or appear for you in the case, but it is not necessary.

### May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing if you have timely and properly submitted an objection to the settlement. To request permission to speak, you must notify the Court and parties by filing and serving a written Notice of Intent to Appear. The writing must contain: (a) a prominent identifying reference to the Lawsuit as follows "*MRI Associates of St. Pete, Inc. v. Direct General Insurance Company*, Case No. 8:12-cv-2408-CEH-AEP;" and "Notice of Intent to Appear;" (b) the Settlement Class Member's full legal name and any aliases; (c) the Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security Number (if a person), address, and telephone number; (d) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory; and (e) if counsel will appear on the Settlement Class Member's behalf, the counsel's full name, address, telephone number and bar number.

**Your Notice of Intent to Appear must be filed with the Court and mailed to Class Counsel and Direct General's counsel at the three addresses set forth above in this Notice for objecting to the settlement and postmarked no later than [date].**

If you do not comply with these procedures, including the deadline for submitting a Notice of Intent to Appear, you will not be permitted to appear at the Fairness Hearing, except for good cause shown. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement Class.

## WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will get no money from the settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties concerning the Released Claims as set forth in the Release attached to this Notice as Appendix A, ever again.

## TAX CONSEQUENCES

The Settlement Relief described above could have tax consequences for you. Those tax consequences may vary, depending upon your individual circumstances. You should consult your own tax advisor regarding any tax consequences of the settlement, including any payments or benefits provided under the settlement, and any tax reporting obligations you may have with respect thereto. The parties make no representations, and assume no responsibility, with respect to any tax consequences that may occur.

## GETTING MORE INFORMATION

This Notice is intended to provide a reasonable summary of the proposed settlement. More details are in the Settlement Agreement, which is on file and may be reviewed at the Court. You can request a copy of the Settlement Agreement by contacting the Class Administrator at [address], [telephone] and [email]. To the extent, if any, that the terms of this Notice and the Settlement Agreement are inconsistent, the terms of the Settlement Agreement shall control.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR DIRECT GENERAL FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT. ALL INQUIRIES SHOULD BE DIRECTED TO THE CLASS ADMINISTRATOR AS INDICATED ABOVE OR TO CLASS COUNSEL.**

HONORABLE CHARLENE E. HONEYWELL
UNITED STATES DISTRICT JUDGE

{30959988;1}

APPENDIX A

**RELEASE**

Except where otherwise indicated, all capitalized terms in this Release shall have the meaning set forth in the Settlement Agreement in this Action.

The Plaintiff and all other Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class, hereby expressly acknowledge and agree, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, that they release and discharge the Released Parties of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

"Released Parties" means Direct General Insurance Company, and any person or entity covered or insured by Direct General, and any third party that provided medical bill review or audit services to Direct General, and each of their respective present and former officers, directors, employees, insurers, insureds, attorneys, assigns, and/or anyone acting or purporting to act for them or on their behalf.

"Released Claims" means any and all claims, actions, demands, lawsuits, rights, liabilities, declarations, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including without limitation contractual or extra-contractual claims or damages (inclusive of statutory and common law bad faith claims), claims or damages at law or in equity, or penalties and punitive claims or damages of any kind or description which now exist or heretofore existed, by or on behalf of any Settlement Class Member against the Released Parties, including without limitation those which have been or could have been asserted in the Lawsuit, arising out of or relating to any Qualifying Bill covered by this Settlement, concerning Direct General's calculation or payment of amounts based on the fee schedules contained in Fla. Stat. § 627.736(5)(a)2a-f, including the application of deductibles or other similar amounts, that may be paid or owed for Qualifying Medical Services during the Class Period under a Qualifying Policy.

Front of Notice mailing:

Class Administrator
[address 1]
[address 2]

**Legal Notice of Proposed Class Action Settlement and Fairness Hearing**
Concerning Calculation of Charges and Payments for Medical Services
Provided to Insureds of Direct General

Jane Q. Class Member
123 Anywhere Street
Anytown, FL 32XXX

# EXHIBIT C

## SETTLEMENT CLAIM FORM

**DEADLINE FOR SUBMISSION**

Your completed Settlement Claim Form(s) must be sent by First-Class Mail, postage prepaid, addressed to: Class Administrator, [insert address].  All Settlement Claim Forms must be postmarked no later than [insert date; one hundred twenty (120) days from the initial notice mailing date].

**INSTRUCTIONS**

To be eligible to receive Settlement Relief, you must complete and timely submit this Settlement Claim Form providing the information requested below and on the reverse side of this page, signing in the space provided, and submitting copies of available documents relating to your Settlement Claim Form submission (including the assignment of benefits, CMS 1500 or other billing forms and/or explanations of benefits ("EOBs"); treatment records are not required).  Notwithstanding the foregoing, to the extent, if any, that the Settlement Class Member previously sent Direct General a pre-suit demand letter that complied with the requirements of Section 627.736(10), Florida Statutes, the Settlement Class Member may, within the same time period described above, attach a copy of that demand letter to the Settlement Claim Form, which shall be deemed the equivalent of submitting copies of documents relating to your Settlement Claim Form submission.  The Class Notice describes the settlement and the available Settlement Relief, and all capitalized terms therein have the same meaning in this Settlement Claim Form.  If Settlement Relief is sought with respect to multiple bills or charges for services rendered to a particular patient under an insurance claim, all such bills or charges incurred as of the date of submission of this Settlement Claim Form must be included on this Settlement Claim Form.  You may use photocopies of the Settlement Claim Form to submit additional settlement claims.  An incomplete or inaccurate Settlement Claim Form may cause your settlement claim to be returned with a request for additional information, or otherwise delayed, or denied.

**YOU ARE REQUIRED TO PROVIDE THE INFORMATION BELOW AND ON THE REVERSE SIDE OF THIS PAGE, AND TO SIGN AND DATE THIS SETTLEMENT CLAIM FORM.**

If you submit a Settlement Claim Form that is incomplete or inaccurate, it may be rejected, and you may be precluded from obtaining a Settlement Relief payment.  Please do not mail or deliver this Form to the Court or to any of the Parties or their Counsel.  In addition, do not telephone the Judge or Clerk of the Court, your insurance agent, or any representatives of Direct General Insurance Company.

**PLEASE TYPE OR PRINT LEGIBLY.**

**PART I: CLAIMANT INFORMATION**

Name of Person/Entity Making Claim (If entity, state legal name and any names under which business is done):

_____

If Claimant is an Entity, Name and Title of Person filing claim on behalf of the Entity:

_____

Claimant Social Security or Tax Identification Number (Last 4 digits): _____

Claimant Street Address: _____

City: _____      State: _____      Zip Code:_____

Claimant Telephone Contact Number(s):

Daytime: (_____) _____ - _____      Evening: (_____) _____ - _____

Name of Patient/Insured:_____

Insurance Claim Number (or insured's policy number): _____

Date of Loss: _____

## PART II: CERTIFICATION

**BY EXECUTING THIS SETTLEMENT CLAIM FORM, YOU ARE VERIFYING THE FOLLOWING FACTS UNDER PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF FLORIDA AND THE UNITED STATES OF AMERICA:**

- The undersigned has reviewed the Notice of Proposed Class Action Settlement and Fairness Hearing and reasonably believes that he or she, or the person or entity on whose behalf he or she is acting as an authorized representative, is a Settlement Class Member entitled to relief under the proposed settlement.

- The Settlement Class Member holds the legal right to receive PIP or other No-Fault benefits under the subject insurance claim, and the Settlement Class Member has not assigned its rights to assert this claim to any other person or entity.

- No rights or claims asserted by the Settlement Claim Form have been otherwise resolved, discharged, settled, or released.

- No payments have been made by or on behalf of the insured patient for the difference between the Billed Charge and the amount paid by Direct General.

- Included with this Settlement Claim Form are the Settlement Class Member's demand letter(s), and/or other documents relating to the Settlement Claim Form submission pertaining to each service for which the Settlement Class Member is seeking Settlement Relief (including CMS 1500 or other billing forms and/or explanations of benefits; treatment records are not required).

- The Settlement Class Member agrees to reasonably cooperate in verifying and quantifying any amounts due under the settlement.

- The information supplied by you in this Settlement Claim Form is true and accurate and executed under penalty of perjury.

Any Settlement Class Members who verifies under oath that they possess assignments of benefits also agrees to reimburse funds received as part of this Settlement to Direct General if an insured successfully claims for the same benefits. The reimbursement is limited to the amount the Class Member receives as part of the Settlement for the specific claim subsequently asserted by the insured. Any Settlement Class Member must also reimburse Direct General any settlement payment if it later turns out such Settlement Class Member has already been paid and/or released the particular claim against Direct General with such reimbursement limited to the actual amount(s) the Class Member received for the particular claim(s) as part of this Settlement.

**Direct General may investigate the validity of any and all Settlement Claim Forms.**

_____
Signature

_____
Print Name

_____
Print Title (if applicable)

Dated: _____

**PART III: BILL INFORMATION**

With respect to each bill or charge for which Settlement Relief is sought for the patient/insured identified on Page 1 of this Settlement Claim Form, please provide the bill or invoice number; date of service; CPT code/modifier; and, if not set forth in the submitted documents, the Billed Charge and Allowed Amount.

Please do not submit charges for multiple patients/insureds with this Settlement Claim Form, even if the charges arise from the same accident or insurance claim. Separate Settlement Claim Forms must be submitted for each patient/insured. Should you run out of space on the chart below, you may use photocopies of the chart to submit information relating to additional bills or charges. If Settlement Relief is sought with respect to multiple bills or charges for services rendered to a particular patient under an insurance claim, all such bills or charges incurred as of the date of submission of this Settlement Claim Form must be included on this Settlement Claim Form. You may submit a supplemental Settlement Claim Form for subsequently incurred charges.

| Bill/Invoice Number (from EOB) | Date of Service | CPT Code/Modifier | Billed Charge | Allowed Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI, as assignee
individually, and on behalf of all those
similarly situated,

      Plaintiff,                  CASE NO.: 8:12-cv-2408-CEH-AEP

vs.

DIRECT GENERAL INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation (the "Settlement Agreement"), the terms of which are incorporated herewith, and all other prior proceedings in this action, and good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.    The Court has jurisdiction over the subject matter of this action, and over the parties and the Settlement Class. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

2.    Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies the Settlement Class and preliminarily approves the proposed Settlement, and each of the Exhibits thereto, and finds that: (a) the proposed Settlement resulted from arm's-length negotiations and was concluded only after Settlement Class

{30960210;1}

Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this action and the proposed settlement to the Settlement Class Members and holding a full hearing on the proposed settlement.

<u>**Conditional Certification of the Class**</u>

3.      For purposes of settlement of this action and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3), this action is certified as a class action on behalf of the persons in the following "Settlement Class":

(a)     Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

(b)     Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

(c)     Who holds assignment(s) of benefits from the insureds pertaining to such services;

(d)     Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

(e)     Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.

Page **2** of **6**

4.      The Court finds for purposes of the settlement of this action (and only for such purposes, and without adjudicating whether a class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of Federal Rule of Civil Procedure 23 and applicable law have been met.  The Parties propose a settlement structure that would create a compromised formula for payments to Settlement Class Members, which eliminates the potential for individualized issues and procedural barriers that are often raised in opposition to class certification.  Thus, the Court finds that certification is warranted under the circumstances of the proposed settlement of this case.  *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997); *Sullivan v. DB Investments, Inc.*, 667 F. 3d 273 (3d. Cir. 2011).

5.      The conditional certification of the Settlement Class and the Class Representative is solely for purposes of effectuating the Settlement.  If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this action.  The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Complaint.

6.      Having considered the facts set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court approves and hereby appoints the firms of Jeeves Law Group,

P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action, as Settlement Class Counsel.

### Submission of The Claims Administration Order

7.      After the entry of this Order, the Parties shall consult with the Settlement Administrator and set a date for commencement of the Claims Administration Process. This shall be known as the "Claims Administration Date." The Parties shall then submit a joint Claims Administration Order for execution by the Court, which shall include terms set forth in the Settlement Agreement and final forms of the Notice and Proof of Claim Forms. The Claims Administration Order shall also commence the claims administration process, including the "Claim Deadline," which means the date by which all claims, elections to opt out, and objections must be postmarked or received by the Settlement Administrator, Class Counsel and/or the Court pursuant to the terms of the Settlement Agreement.

### Ability of Class Members to Opt Out of the Settlement Class

8.      All Settlement Class Members who wish to opt out of the Settlement must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notice, as provided for in the Settlement Agreement and the Claims Administration Order referenced above. Any Settlement Class Member that does not file a timely and complete election to opt out of this Settlement by the Claim Deadline shall be included in the Settlement Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases described therein, whether or not such person shall have objected to

the Settlement and whether or not such person participates in the benefits to be provided under the Settlement Agreement. Any Class Member that files a timely and complete election to opt out of this Settlement shall not be bound by this Settlement and may proceed with its own action.

### Ability of Class Members to Object to the Settlement Class

9.      Any Settlement Class Member who wants to object to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon. Any such Settlement Class Member wishing to object shall only be heard if, by the deadline set forth in the Claims Administration Order, the Settlement Class Member submits written notice of the objection, including the names of all witnesses and a copy of the factual basis and legal argument for such objection. Such written objection and/or any petition to intervene must be filed with the Court and served on Settlement Class Counsel and Counsel for Direct General on or before the deadline set forth in the Claims Administration Order. Any Settlement Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.

### Other Provisions

10.      Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

11.      Neither the Settlement Agreement nor any provision therein, nor any negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be construed as, or be deemed to be evidence of, an admission or confession

on the part of the representative plaintiff, counsel, any Settlement Class Members, Direct General, or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiff, or any member of the Settlement Class or any person has or has not suffered any damage.

12.     If this Settlement shall fail for any reason or if the Settlement Agreement is nullified, terminated or is not consummated for any reason, this Settlement, the Settlement Agreement, and all proceedings had in connection therewith shall not have further force and effect and will be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights and contentions of the parties to the Settlement Agreement before it was executed.   The parties shall in all respects be returned to their respective statuses immediately prior to the execution of the Settlement Agreement.

Signed this __ day of _____, 2015 at the Courthouse for the United States District Court for the Middle District of Florida.


_____
HONORABLE CHARLENE E. HONEYWELL
UNITED STATES DISTRICT COURT JUDGE

Copies to:
Counsel of Record