# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI, as assignee
individually, and on behalf of all those
similarly situated,

      Plaintiff,                                  CASE NO.: 8:12-cv-2408-36AEP

vs.

DIRECT GENERAL INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement (Doc. 75), filed on May 28, 2015, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation (the "Settlement Agreement"), the terms of which are incorporated herewith, and all other prior proceedings in this action, and good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.    The Joint Motion for Preliminary Approval of Class Action Settlement is **GRANTED** (Doc. 75)**.**

2.    The Court has jurisdiction over the subject matter of this action, and over the parties and the Settlement Class. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

{30960210;1}

3. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies the Settlement Class and preliminarily approves the proposed Settlement, and each of the Exhibits thereto, and finds that: (a) the proposed Settlement resulted from arm's-length negotiations and was concluded only after Settlement Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this action and the proposed settlement to the Settlement Class Members and holding a full hearing on the proposed settlement.

### Conditional Certification of the Class

4. For purposes of settlement of this action and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3), this action is certified as a class action on behalf of the persons in the following "Settlement Class":

    (a) Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

    (b) Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

    (c) Who hold assignment(s) of benefits from the insureds pertaining to such services;

    (d) Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

    (e) Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained

in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.

5. The Court finds for purposes of the settlement of this action (and only for such purposes, and without adjudicating whether a class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of Federal Rule of Civil Procedure 23 and applicable law have been met. The Parties propose a settlement structure that would create a compromised formula for payments to Settlement Class Members, which eliminates the potential for individualized issues and procedural barriers that are often raised in opposition to class certification. Thus, the Court finds that certification is warranted under the circumstances of the proposed settlement of this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997); *Sullivan v. DB Investments, Inc.*, 667 F. 3d 273 (3d. Cir. 2011).

6. The conditional certification of the Settlement Class and the Class Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the

Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Complaint.

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court approves and hereby appoints the firms of Jeeves Law Group, P.A., de la Parte & Gilbert, P.A., Craig E. Rothburd, P.A., and Physicians Collections Group, P.A., and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action, as Settlement Class Counsel.

### Submission of The Claims Administration Order

8. After the entry of this Order, the Parties shall consult with the Settlement Administrator and set a date for commencement of the Claims Administration Process. This shall be known as the "Claims Administration Date." The Parties shall then submit a joint Claims Administration Order for execution by the Court, which shall include terms set forth in the Settlement Agreement and final forms of the Notice and Proof of Claim Forms. The Claims Administration Order shall also commence the claims administration process, including the "Claim Deadline," which means the date by which all claims, elections to opt out, and objections must be postmarked or received by the Settlement Administrator, Class Counsel and/or the Court pursuant to the terms of the Settlement Agreement.

### Ability of Class Members to Opt Out of the Settlement Class

9. All Settlement Class Members who wish to opt out of the Settlement must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notice, as provided for in the Settlement Agreement and the Claims Administration Order referenced above. Any Settlement Class Member that does not file a

timely and complete election to opt out of this Settlement by the Claim Deadline shall be included in the Settlement Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases described therein, whether or not such person shall have objected to the Settlement and whether or not such person participates in the benefits to be provided under the Settlement Agreement.  Any Class Member who files a timely and complete election to opt out of this Settlement shall not be bound by this Settlement and may proceed with its own action.

### Ability of Class Members to Object to the Settlement Class

10. Any Settlement Class Member who wants to object to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such Settlement Class Member wishing to object shall only be heard if, by the deadline set forth in the Claims Administration Order, the Settlement Class Member submits written notice of the objection, including the names of all witnesses and a copy of the factual basis and legal argument for such objection.  Such written objection and/or any petition to intervene must be filed with the Court and served on Settlement Class Counsel and Counsel for Direct General on or before the deadline set forth in the Claims Administration Order.  Any Settlement Class Member objecting to this Settlement shall not be entitled to propound any discovery without order of the Court.

### Other Provisions

11. Capitalized terms used in this Order that are not otherwise identified herein

have a meaning assigned to them in the Settlement Agreement.

12. Neither the Settlement Agreement nor any provision therein, nor any negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be construed as, or be deemed to be evidence of, an admission or confession on the part of the representative plaintiff, counsel, any Settlement Class Members, Direct General, or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiff, or any member of the Settlement Class or any person has or has not suffered any damage.

13. If this Settlement shall fail for any reason or if the Settlement Agreement is nullified, terminated or is not consummated for any reason, this Settlement, the Settlement Agreement, and all proceedings had in connection therewith shall not have further force and effect and will be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights and contentions of the parties to the Settlement Agreement before it was executed. The parties shall in all respects be returned to their respective statuses immediately prior to the execution of the Settlement Agreement.

**DONE and ORDERED** at Tampa, Florida, this 13th day of July, 2015

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record