IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
d/b/a SAINT PETE MRI, as assignee
individually, and on behalf of all those
similarly situated,

        Plaintiff,                              CASE NO. 8:12-cv-2408-CEH-AEP

v.

DIRECT GENERAL INSURANCE COMPANY,

        Defendant.
_____/

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION**
**SETTLEMENT AND DISMISSING CLASS ACTION CLAIMS WITH PREJUDICE**

THIS CAUSE came before the Court on October 29, 2015 for a duly noticed Final Fairness Hearing pursuant to Federal Rule of Civil Procedure 23. The Court, having considered the record and the arguments of counsel and being otherwise advised in the premises, states:

WHEREAS, the Plaintiff and the Defendant (together, the "Parties") have entered into a Settlement Agreement and Stipulation (the "Settlement Agreement") filed with this Court [ECF No. 75-1], together with related documents; and

WHEREAS, the Court entered an Order of Preliminary Approval of Settlement Agreement [ECF No. 76] and a Claims Administration Order [ECF No. 77] certifying a class in this action for settlement purposes; preliminarily approving the Settlement; ordering notice to potential class members; providing those persons with an opportunity to exclude themselves from the Settlement Class or to object to the Settlement; and scheduling a Final Fairness Hearing; and

WHEREAS, the Court held a duly noticed Final Fairness Hearing on October 29, 2015 to determine whether the Settlement is fair, reasonable, and adequate and whether to finally approve the Settlement; and

WHEREAS, the parties have complied with the Order of Preliminary Approval of Settlement Agreement and Claims Administration Order; and

WHEREAS, the Court finds that the Settlement Agreement is fair, adequate, and reasonable, and that it should be finally approved;

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. **Incorporation of Defined Terms**.  Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings as set forth and defined in the Settlement Agreement.

2. **Jurisdiction**.  The Court has personal jurisdiction over the Parties and all Settlement Class Members and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in the Action and/or the Released Claims, and to dismiss the claims in this Action on the merits and with prejudice.

3. **Final Class Certification.**  The Settlement Class that this Court previously certified in its Order of Preliminary Approval is hereby finally certified for settlement purposes only under Federal Rule of Civil Procedure 23(b)(3).  The Court adopts and incorporates its class certification findings as set forth in its Order of Preliminary Approval of Settlement Agreement. The "Settlement Class" is comprised of persons:

    (a)    Who are Medical Providers as described in Fla. Stat. § 627.736(1)(a);

    (b)    Who provided Qualifying Medical Services to persons insured by Direct General under a Qualifying Policy for PIP coverage on one or more dates of service;

    (c)    Who holds assignment(s) of benefits from the insureds pertaining to such services;

    (d)    Who sent bill(s) for treatment to Direct General for services rendered on or after January 1, 2008; and

    (e)    Who were paid by or had a deductible applied by Direct General on those bills in an amount less than the amount charged, based on Direct General's application or interpretation of the fee schedules contained in Fla. Stat. Section 627.736(5)(a)2-5 and/or Direct General's calculation of the PIP deductible.

Excluded from the Settlement Class are: (1) any in-house or outside counsel for Direct General and the immediate family members of such persons; and (2) members of the Florida State or Federal Court Judiciary and their immediate families.

"Qualifying Medical Services" as referenced herein refers to medical services legally compensable under the personal injury protection provisions of Qualifying Policies.

As of January 1, 2008, Florida automobile insurance policies issued by Direct General were governed by the personal injury protection provisions of the Personal Auto Policy Booklet (Form FL 002A) [the "Policy Booklet"]. Policies arising under the Policy Booklet are referred to herein as the "Old Policies." On or about May 28, 2010, the Direct began to issue new and renewal Policies with an amendatory endorsement revising certain provisions of the Policy Booklet, including the PIP provisions. (Amendatory Endorsement FL028A (04-10) [the "2010 Endorsement"]. Policies arising under the 2010 Endorsement are referred to herein as the "4-10 Policies." The Old Policies and the 4-10 Policies are referred to collectively herein as the "Qualifying Policies."

The Class Period is the period from January 1, 2008, to July 13, 2015.

    4.    **Adequacy of Representation.** The Court finds that Settlement Class Counsel and Plaintiff have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

**5.** **Class Notice**. The Court finds that the content and distribution of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice"), in accordance with the terms of the Settlement Agreement and this Court's Order of Preliminary Approval of Settlement Agreement and Claims Administration Order, and as explained in the declarations filed prior to the Final Fairness Hearing:

(a) constituted the best method of notice practicable under the circumstances of this Action to Settlement Class Members;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this Action; (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement; (iii) their right to object to any aspect of the proposed Settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Plaintiff or Settlement Class Counsel, the award of attorneys' fees and expenses to Settlement Class Counsel and/or the award of an incentive payment to the named Plaintiff); (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the orders and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons or entities who do not request exclusion from the Settlement Class;

(c) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to be provided with notice; and

(d) fully satisfied the requirements of the United States Constitution, the Florida Constitution, the Federal Rules of Civil Procedure, the Rules of this Court, and any other applicable rules or law.

6. **CAFA Notice.** The Court finds that the content and distribution of the notice provided to state and federal officials fully satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

7. **Opt-Outs.** A list of those persons or entities who have timely and validly excluded themselves from the Settlement Class (i.e., Opt-Outs), and who therefore are not bound as Settlement Class Members by this Final Order and Judgment, is attached hereto as Appendix "E," which is incorporated herein and made a part hereof for all purposes. The Parties shall supplement the opt-out list as necessary upon the identification of any additional Settlement Class Members who timely and validly excluded themselves from the Settlement Class.

8. **Final Settlement Approval**. The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable rules or law. The Parties and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. **Binding Effect**. Upon the entry of Final Order and Judgment, the terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on the Plaintiff and all Settlement Class Members who have not timely and properly opted out of the Settlement Class, on their own behalf and on behalf of each of their respective heirs, trustees,

executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and those terms shall have *res judicata* and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Released Claims.

10. **Release and Bar to Asserting Released Claims**. Upon the entry of Final Order and Judgment, the Plaintiff and all Settlement Class Members who have not timely and properly opted out of the Settlement Class, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, hereby release and discharge the Released Parties of and from all Released Claims and, whether or not they return a Claim Form within the time and in the manner provided for, shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

11. **Permanent Injunction**. All Settlement Class Members who have not timely and properly opted out of the Settlement Class are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in,

participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) organizing or soliciting the participation of any Settlement Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on the Released Claims; and (iii) assigning to any other person the Released Claims under this Final Order and Judgment.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Lawsuit and to protect and effectuate the Court's Final Order and Judgment.

12. **Enforcement of Settlement**.  Nothing in this Final Order and Judgment or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Order and Judgment or the Settlement Agreement.

13. **Incentive Awards.**  The named Plaintiff, MRI Associates of St. Pete, d/b/a Saint Pete MRI, is hereby awarded a payment in the amount of Two Thousand, Five Hundred Dollars ($2,500) as compensation for its time and effort in connection with the litigation of this Action. Direct General shall fulfill its payment obligation according to the terms set forth in the Settlement Agreement.

14. **No Other Payments**.  Paragraph 13 of this Final Order and Judgment and the Order Granting Unopposed Motion for Award of Plaintiff's Attorney's Fees and Costs being entered contemporaneously hereto covers and shall be Direct General's sole obligation for any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Settlement Class

Counsel or any other counsel representing Plaintiff or Settlement Class Members, or incurred by Plaintiff or the Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such Settlement, and/or the Released Claims.

**15.    No Admissions.**  Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any party hereto as to the validity or invalidity of any claim or defense, or of any actual or potential fault or liability, or of any lack of fault or liability.  Additionally, neither the Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto or Direct General in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by Direct General to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

**16.    No Representations Regarding Taxes.**  The Court finds that the Parties and their counsel have expressed no opinions concerning the tax consequences of the Settlement to Settlement Class Members and have made no representations, warranties or other assurances regarding any such tax consequences.  No opinions, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any

such tax consequences by virtue of the Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be responsible or held liable for any such tax consequences that may occur.

**17.   Discovery.**   The confidentiality provisions of the Settlement Agreement, as recognized in the Court's Claims Administration Order, shall remain in force.  No discovery with regard to the Settlement Agreement or the Settlement and its administration shall be permitted by any Settlement Class Members or other persons, other than as may be directed by this Court upon a proper showing seeking such discovery by motion properly filed with this Court noticed and served in accordance with the governing rules of procedure.

**18.   Dismissal of Claims.**   The claims asserted in the Action, including all of the individual and class claims alleged therein and those identified as Released Claims, are hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as specifically provided in this Final Order and Judgment or the Order Granting Unopposed Motion for Award of Plaintiff's Attorney's Fees and Costs being entered contemporaneously hereto.

**19.   Retention of Jurisdiction**.   Without affecting the finality of this Final Order and Judgment, the Court reserves and shall have exclusive and continuing jurisdiction over the administration, implementation, interpretation, execution, and enforcement of the Settlement Agreement; of any orders and this Final Order and Judgment entered by the Court; of any questions regarding membership or exclusion from the Settlement Class and/or of the conduct or the policies and procedures described herein, with respect to all parties hereto and all beneficiaries hereof, including all Settlement Class Members.

**DONE AND ORDERED** this 2nd day of December, 2015 at the Courthouse for the United States District Court for the Middle District of Florida.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record